**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Peggy Ann JACOBS,**
**Defendant-Appellant.**

**No. 83–5024.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 1983.

Decided Sept. 12, 1983.

tions of the bank robber and the escape vehicle dispatched over the police radio. The declarations of the victim teller and the other eyewitness reflected no uncertainty regarding the descriptions they gave to the investigating officer who made the radio dispatch. In these circumstances, the government was not required to make an independent showing of the eyewitnesses' reliability. *See United States v. Hammond,* 666 F.2d 435, 439 (9th Cir.1982).

■ A law enforcement officer may make an investigative stop of a suspicious individual to maintain the status quo while obtaining more information even though the officer lacks probable cause to arrest the individual. *See Adams v. Williams,* 407 U.S. 143, 145–46, 92 S.Ct. 1921, 1922–23, 32 L.Ed.2d 612 (1972); *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). Such a stop requires only "founded suspicion." *United States v. Bautista,* 684 F.2d 1286, 1288 (9th Cir.1982); *Wilson v. Porter,* 361 F.2d 412, 415 (9th Cir.1966). Deputy Boyett had adequate grounds for stopping defendant: (1) defendant's vehicle fit the radio dispatched description of the escape car (a 1971 red Ford Maverick *with no license plates* ), the number of occupants (two) and the sex of and an article of clothing worn by one of them (a woman wearing a light beige scarf); (2) the vehicle was on a thoroughfare heading directly away from the bank, within six miles of the bank approximately twenty minutes after the robbery; and (3) the occupants reacted in a startled manner and stopped their vehicle without being signaled when Deputy Boyett began to follow them.

■ The investigative stop did not become an arrest when the deputy pointed his gun at defendant and ordered her to "prone out." "A valid stop is not transformed into an arrest merely because law enforcement agents momentarily restrict a person's freedom of movement," *United States v. Patterson,* 648 F.2d 625, 633 (9th Cir.1981), and the use of force in making a stop will not

Jay L. Lichtman, Los Angeles, Cal., for defendant-appellant.

Darrell W. MacIntyre, Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, Chief Judge, CHOY and FERGUSON, Circuit Judges.

PER CURIAM:

■ The government met its burden of demonstrating the reliability of the descrip-

convert the stop into an arrest "if it occurs under circumstances justifying fears for personal safety." *United States v. Beck,* 598 F.2d 497, 501 (9th Cir.1979). *See United States v. Bautista,* 684 F.2d at 1289–90. The radio dispatch informed Deputy Boyett that the bank robber was possibly armed and under the influence of PCP, and Deputy Boyett was alone at the time. These circumstances justified the actions of Deputy Boyett in ordering defendant and her passenger to "prone out" at gunpoint as a protective measure while he continued his investigation.

■ Deputy Boyett testified that when defendant's passenger stepped out of the vehicle, the deputy noted that the passenger fit the description of the suspect given in the radio dispatch, that both suspects appeared to be under the influence of some type of intoxicant, and that both were "very obviously similar to . . . photos that were submitted by the FBI in the previous bank robberies that were posted on our briefing board at the station for several months" prior to the arrest. With these additional facts the officer's founded suspicion ripened into probable cause to arrest. *See United States v. Collom,* 614 F.2d 624, 629 (9th Cir.1979).

■ Deputy Boyett's subsequent inadvertent discovery of the brown purse and protruding currency in plain view established probable cause to believe the vehicle contained contraband. The officer therefore was justified in searching the entire vehicle and all containers, including the "rainbow colored" purses, found within the vehicle. *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572 (1982).[1]

■ The trial court properly admitted the identification of defendant by the bank teller. Although under California law a defendant has a right to counsel at a pre-in-

dictment line-up, *People v. Bustamante,* 30 Cal.3d 88, 99, 634 P.2d 927, 934, 177 Cal. Rptr. 576, 584 (1981), there is no equivalent federal constitutional right. *See Kirby v. Illinois,* 406 U.S. 682, 690, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). Here a federal agent requested the line-up, arranged and provided for transportation of witnesses, and was present when the line-up was conducted. In such circumstances federal standards alone determine admissibility of the evidence in a federal court; we need not decide whether state standards would apply if the evidence had been obtained without federal involvement. *United States v. Daniel,* 667 F.2d 783, 785 (9th Cir.1982).

■ Detective Athan's affidavit was sufficient to support the warrant to search appellant's residence. An affidavit need only "enable the magistrate to conclude that it would be reasonable to seek the evidence in the place indicated by the affidavit. The nexus between the place to be searched and the items to be seized may be established by the type of crime, the nature of the items, and the normal inferences where a criminal would likely hide [the evidence]." *United States v. Johnson,* 641 F.2d 652, 659 (9th Cir.1980) (citation omitted). The articles of clothing identified in the affidavit and warrant were not unusual, nor incriminating in themselves. Although three and a half months passed between the earliest prior bank robbery in which the clothing sought had been worn by the robbers and the issuance of the warrant, it was reasonable for the magistrate to conclude that such articles of clothing would remain at the residence. *See, e.g., United States v. Collins,* 559 F.2d 561, 564 (9th Cir.1977); *United States v. Steeves,* 525 F.2d 33, 38 (8th Cir.1975).

■ The evidence was sufficient to support appellant's conviction under Count IV. The court, as trier of fact, had before it a

---

1. Since the search of the purses, resting on the front and back seat floorboards, was also lawful under California law, *see People v. Chavers,* 33 Cal.3d 462, 189 Cal.Rptr. 169, 658 P.2d 96

(1983), we need not decide whether evidence seized by a state officer in violation of state but not federal law without federal involvement is admissible in a federal prosecution.

detailed description of the robber by the victim teller, a surveillance photo depicting the robber and showing the apparel described by the teller, and items of apparel matching those worn by the robber seized in the search of appellant's residence. Viewing this evidence in the light most favorable to the government, the court could determine beyond a reasonable doubt that appellant was the robber. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

AFFIRMED.