930 F.2d 29
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio Garfield BLACK, Defendant-Appellant.
 No. 90-10220.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1991.*
Decided March 27, 1991.
 Before D.W. NELSON, KOZINSKI and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Garfield Black appeals the district court's denial of his motion to suppress evidence. Black entered a conditional guilty plea to charges of cocaine possession with intent to distribute and of possessing a firearm during a drug trafficking offense, reserving the right to appeal the denial of his motion to suppress. He contends that the district court erred in determining that his initial detention was not an arrest and that his consent to search a bag in his possession and his later consent to search his truck were voluntary. We affirm.
 
 I. STANDARD OF REVIEW
 
 3
 We review de novo whether the detention of a suspect amounted to a warrantless arrest or was merely an investigatory stop. United States v. Al-Azzaway, 784 F.2d 890, 892, (9th Cir.1985), cert. denied, 476 U.S. 1144 (1986). Similarly, we review the district court's finding of whether there was reasonable suspicion to justify an investigatory stop de novo. United States v. Sutton, 794 F.2d 1415, 1426 (9th Cir.1986).
 
 
 4
 We review a district court's finding that a defendant voluntarily consented to a search by a clearly erroneous standard. United States v. Castillo, 866 F.2d 1071, 1082 (9th Cir.1988).
 
 II. TERRY STOP
 
 5
 A. Stop or Arrest?
 
 
 6
 Appellant's first argument is that the district court erred in holding that his initial detention was a mere investigative stop requiring only reasonable suspicion. He contends that the detention amounted to an arrest that should have required probable cause. Before assessing what level of suspicion or cause the police were required to possess here, we must first determine whether the detention was actually an arrest or just an investigative stop, also known as a "Terry stop" after United States v. Terry, 392 U.S. 1 (1968), which first approved of such a procedure. Appellant argues that by approaching with guns drawn, handcuffing the detainee, and patting down his person and possessions, the officers effectuated an arrest. We do not concur.
 
 
 7
 First, the district court specifically found that the two officers did not approach Black with their guns drawn, a finding that we have no reason to contravene. Second, mere handcuffing has never been held to amount to an arrest. See United States v. Bautista, 684 F.2d 1286, 1289 (9th Cir.1982), cert. denied, 459 U.S. 1211 (1983). Third, Terry specifically held that an officer has authority to conduct a limited pat-down for weapons during an investigative stop if he has reason to believe that his safety may be in danger. 392 U.S. at 30-31. In this case, the officers had been told that the appellant possessed a number of dangerous weapons, making it hardly unreasonable for them to pat Black down.
 
 
 8
 Appellant counters with the argument that the force used led him to believe that he was not free to leave and was thus under arrest. We have held that the "use of force during a stop does not convert the stop into an arrest if it occurs under circumstances justifying fears for personal safety ... Thus, whether an arrest has occurred depends on the totality of the circumstances." United States v. Buffington, 815 F.2d 1292, 1300 (9th Cir.1987) (internal citation omitted).
 
 
 9
 Our circuit has not garnered any laurels for perspicuity on the issue of how much force transforms a stop into an arrest. Indeed, the somewhat haphazard results may impair precedential value. Compare Buffington, 815 F.2d 1292 (no arrest where officers stopped vehicle and ordered appellants to exit the car at gunpoint, forced them to lie down on wet pavement, and frisked them); United States v. Taylor, 716 F.2d 701 (9th Cir.1983) (no arrest where officer drew gun and ordered defendant, who was seated in vehicle, to lie face down in a ditch, where he was handcuffed and frisked) and United States v. Jacobs, 715 F.2d 1343 (9th Cir.1983) (no arrest where police ordered defendant to "prone out" at gunpoint) with United States v. Del Vizo, 918 F.2d 821 (9th Cir.1990) (arrest where officer ordered appellant out of van at gunpoint, told him to lie down, and handcuffed him) and United States v. Rodriguez, 869 F.2d 479, 483 (9th Cir.1989) (arrest where officers approached van with weapons drawn and ordered defendants out of the van at gunpoint).
 
 
 10
 These seeming contradictions notwithstanding, we think it clear that the present instance was not an arrest. Significantly, cases that have found an arrest have usually stressed that the defendant was forced at gunpoint to move in some fashion. See, e.g., Del Vizo, 918 F.2d at 824; Rodriguez, 869 F.2d at 483. Here, the officers approached with guns holstered and asked in an even tone for identification. They then handcuffed Black and patted him down. Such measures clearly fall under the category of an investigative stop. We cannot find that "a reasonable person would conclude that he was not free to leave after brief questioning." Del Vizo, 918 F.2d at 824. Accordingly, we affirm the district court's holding that no arrest took place in this preliminary detention.
 
 B. Reasonable Suspicion
 
 11
 United States v. Sokolow, 109 S.Ct. 1581 (1989), explains that "the police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." Id. at 1585 (quoting Terry, 392 U.S. at 30). Having decided that the detention was a Terry stop, we must now assess whether the district court erred in holding that the officers had reasonable suspicion to detain appellant.
 
 
 12
 Two sources had informed police that a black male named Antonio Black was dealing rock cocaine at 2111 I Street. He was described as being 30-40 years of age, about 5'11", slender, bearded, wearing a baseball hat, and driving a white truck that had both a utility rack and red lettering for an unknown company. Appellant was also described as possessing a number of firearms, including possibly an Uzi machine gun. Armed with this information, the officers conducting surveillance of 2111 I Street saw a person who matched the above description drive up in a similar truck, park close by, and walk in the direction of 2111 I. Finally, after appellant observed police conducting surveillance, he walked past 2111 I Street and acted in a nervous fashion.
 
 
 13
 Appellant does not even raise in his brief the possibility that the officers did not have a reasonable suspicion, preferring instead to pin all of his hopes on a finding of arrest and the concomitant heightened requirement of probable cause. We must deflate such hopes. While we are uncertain that the above information would be sufficient to reach the level of probable cause, we agree with the district court that the officers did possess the reasonable suspicion required by Sokolow to conduct an investigative stop.
 
 III. CONSENT FOR SEARCH
 
 14
 Black also argues that the district court erred in holding that he had voluntarily given consent to search the tote bag and truck. "Voluntariness is a factual issue based on the totality of the circumstances surrounding the giving of consent." United States v. Alfonso, 759 F.2d 728, 740 (9th Cir.1985). Appellant argues that he had no choice. Surrounded by police officers, handcuffed, and without the benefit of Miranda warnings, he contends that neither his consent to search his bag nor his later consent to search his truck was truly voluntary. He cites United States v. Al-Azzawy, 784 F.2d 890 (9th Cir.1985), in which the court held the consent was involuntary where the defendant was ordered out of his trailer, surrounded by police with guns drawn, forced to his knees with his hands on his head, and not given either Miranda warnings or the right to refuse.
 
 
 15
 We do not believe that this situation parallels that case. It is true that Black was not given Miranda warnings as he should have been. While we have held that this is one factor for the court to consider, we have emphatically repudiated the notion that "a request to search must be preceded by Miranda warnings, or that the lack of prior Miranda warnings vitiates a consent to search." United States v. Ritter, 752 F.2d 435, 438 (9th Cir.1985). Unlike in Al-Azzawy, appellant was told he could withhold his consent, he was not asked for that consent at gunpoint, and he was not on his knees. The district court believed the officers' testimony that no guns were drawn, that voices were modulated, that no threats were made, and that advice that consent could be withheld was given. See Castillo, 866 F.2d at 1082 (noting factors relevant to voluntariness of consent).[1] As a result, we cannot find that the district court clearly erred in holding that consent was voluntary.
 
 
 16
 Because the detention of Black was preceded by reasonable suspicion and did not initially constitute an arrest, and because he voluntarily consented to the searches, the district court's denial of the motion to suppress is
 
 
 17
 AFFIRMED.
 
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 [1]
 We recognize that, when appellant consented to the search of his truck, he was under arrest, had been transported in a police car to the location of his truck, and had surrendered his keys to the officers. Although these additional facts render the voluntariness of this second consent a closer call, we do not believe they warrant a contrary result