996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Allen McEACHRAN, Defendant-Appellant.
 No. 92-50540.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 16, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Allen McEachran appeals his conviction for unarmed bank robbery. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 On May 21, 1991, Kevin McEachran attempted to rob a bank. He told the teller: "Don't mess with me or I'll blow your head off," and reached inside his jacket as if going for a gun. When she hesitated, he quickly exited the bank without a word and without any money.
 
 
 4
 Two off-duty police officers in a Chevy Blazer[1] saw the defendant running at a full sprint across the bank parking lot and away from the bank carrying a dark object.[2] McEachran got into the passenger seat of a waiting, idling car, which was parked out of sight of the bank, and slumped down in his seat. The car left the parking lot, and the officers followed. The suspect driver drove into another parking lot, and the Blazer followed. When the suspect driver realized he was being followed, he began to drive evasively--he made U-turns, ran red lights, and drove at "high rates of speed." During their ten minute pursuit, the off-duty officers yelled at the driver to stop, then finally flagged down a patrol unit, identified themselves, and yelled that the suspect car was a "211 bank robbery."
 
 
 5
 The patrol unit stopped the suspect car, and waited for back-up units. While waiting, the patrol officer heard over his radio that a gun had been used during the bank robbery, and he broadcast this information over the car's public address system. At that point the defendant began shouting that there was no gun. Four back-up units arrived, and a total of six officers approached the suspect car--four of them had their guns drawn--and ordered the occupants out of the car. The defendant was then handcuffed. The victim teller was brought to the scene and made a positive identification of McEachran. McEachran was then arrested. While in custody, McEachran confessed to the attempted bank robbery and three other bank robberies.
 
 
 6
 McEachran entered a conditional guilty plea after the district court denied his motion to suppress evidence. He now appeals his conviction arguing that the officers did not have reasonable suspicion to stop the car and that the stop was an unlawful arrest. We affirm.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 7
 The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. The determination whether a stop by the police is a warrantless arrest or a Terry stop is a mixed question of law and fact, and is reviewed de novo. United States v. Harrington, 923 F.2d 1371, 1373 (9th Cir.), cert. denied, 112 S.Ct. 164 (1991). The district judge's finding that the stop was a Terry stop is reviewed de novo. United States v. Carrillo, 902 F.2d 1405, 1410-11 (9th Cir.1990).
 
 III.
 DISCUSSION
 
 8
 A. The police had reasonable, articulable suspicion for the stop.
 
 
 9
 The police saw a man running at a full sprint across the bank parking lot and away from the bank; he got into a waiting vehicle and immediately slumped down as if to avoid detection; the suspect driver drove evasively upon noting he was being followed--he made U turns, ran red lights, and drove fast. Traffic violations, by themselves, justify a Terry stop. United States v. Burt, 765 F.2d 1364, 1367 (9th Cir.1985) (weaving and driving 60 mph in 55 mph zone justify Terry stop); United States v. Fouche, 776 F.2d 1398, 1403 (9th Cir.1985) (speeding through school zone and running stop sign justify Terry stop). There was reasonable, articulable suspicion that the defendant had just robbed a bank.
 
 
 10
 B. Drawing guns and handcuffing defendant were reasonable precautions and did not convert stop into unlawful arrest.
 
 
 11
 The teller reasonably may have thought the defendant was armed because he threatened to blow her head off and reached inside his jacket as if he were going for a gun. In addition, the patrol officer heard on his radio that a gun had been used in the crime, and he broadcast this information over his loudspeaker. Therefore, approaching the car with guns drawn was a reasonable precautionary measure and did not convert the Terry stop into an unlawful arrest. United States v. Greene, 783 F.2d 1364, 1368 (9th Cir.) (drawing weapons and ordering men out of car permissible where informant told police she had seen pistol in men's motel room), cert. denied, 476 U.S. 1185 (1986); United States v. Jacobs, 715 F.2d 1343, 1346 (9th Cir.1983) (pointing gun at defendant permissible where radio dispatch informed officer that bank robber was possibly armed and under influence of PCP).
 
 
 12
 Handcuffing McEachran was also a permissible precautionary measure to prevent flight and ensure safety. United States v. Bautista, 684 F.2d 1286, 1287 (9th Cir.1982) (handcuffing permissible where suspect paced back and forth and turned his head as if he was thinking about running). The police in the Blazer pursued the defendant for ten minutes, and yelled at the car to stop. Yet the defendant and driver did not stop until the marked police car intercepted them. The officers reasonably believed the defendant was a flight risk.
 
 
 13
 It is true that a show of force may convert a Terry stop into an arrest. United States v. Del Vizo, 918 F.2d 821, 825 (9th Cir.1990) (drawing weapons and handcuffing not justified where no evidence that defendant was dangerous or uncooperative). However, that conversion did not happen in this case. The police reasonably suspected that the defendant was an armed bank robber. In these dangerous circumstances, handcuffing McEachran was an appropriate precautionary measure and did not convert the investigatory stop into an arrest.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Blazer was a personal vehicle, and it had no working radio
 
 
 [2]
 One of the officers thought this object was a gun (It was a bank bag.). In addition, he thought the suspect was wearing a mask