5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose GONZALEZ-FERNANDEZ, Defendant-Appellant.
 No. 92-50597.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 6, 1993.*
Decided Aug. 18, 1993.
 
 Appeal from the United States District Court for the Southern District of California; No. CR-91-0615-01-B, Rudi M. Brewster, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before: BROWNING, FARRIS AND KELLY**, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The district court denied Jose Gonzalez-Fernandez's motion to suppress evidence seized by border agents at a fixed checkpoint. He was convicted of conspiracy to distribute heroin and possession of heroin with intent to distribute. Gonzalez-Fernandez appeals.
 
 
 3
 Gonzalez-Fernandez argues that his referral to the secondary immigration checkpoint constituted an arrest for which probable cause was necessary. He failed to raise the argument at trial. We review for plain error. United States v. Dischner, 974 F.2d 1502, 1515 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993). A stop at a permanent U.S. Border Patrol checkpoint for brief questioning concerning citizenship is permissible without probable cause. United States v. Martinez-Fuerte, 428 U.S. 543, 562 (1976); United States v. Taylor, 934 F.2d 218, 220 (9th Cir.1991), cert. denied, 112 S.Ct. 971 (1992). The brief detention at the checkpoint was not an arrest. No probable cause was required.
 
 
 4
 Gonzalez-Fernandez argues that the stop and search of his vehicle went beyond the scope of a permissible immigration stop. The testimony of Agent Bowles that he referred Gonzalez-Fernandez to the secondary inspection station for immigration purposes only supports the trial court's finding. Nothing in the record refutes it.
 
 
 5
 Gonzalez-Fernandez argues that the agents did not have the authority to order him to exit the car and that all fruits of this order must be suppressed. Gonzalez-Fernandez could be asked to exit his car to protect the safety of the officers during an otherwise valid stop. See United States v. Jacobs, 715 F.2d 1343, 1345-46 (9th Cir.1983). Further, the agents did not search the interior of the automobile. The damaging evidence was found in the trunk of the car.
 
 
 6
 Gonzalez-Fernandez argues that even if the stop of the vehicle was illegal, the search by the canine was illegal, because it exceeded the scope of an immigration search. We need not resolve the question since Gonzalez-Fernandez consented to the canine search. The record satisfies us that the district court did not clearly err in finding that his consent was voluntary. See United States v. Gutierrez-Mederos, 965 F.2d 800, 803 (9th Cir.1992), cert. denied, 113 S.Ct. 1315 (1993). Probable cause or reasonable suspicion was not required to justify the search under the record before us. Martinez-Fuerte, 428 U.S. at 567. A brief detention to conduct a dog sniff is permissible based on " 'a minimal showing of suspicion.' " Taylor, 934 F.2d at 221 (citations omitted). The government made such a showing here. Gonzalez-Fernandez's suggestion that we overrule Taylor is rejected. See United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir.1992) (en banc) (per curiam), cert. denied, 113 S.Ct. 1429 (1993).
 
 
 7
 Affirmed.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the 10th Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3