50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur J. REDDIC, Defendant-Appellant.
 No. 94-10102.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 17, 1995.*
Decided March 23, 1995.
 
 Before: NORRIS, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On December 21, 1992, a confidential informant told officers of the San Francisco police department that Arthur Reddic planned to rob the Rent-A-Center just before the close of business that evening. The informant said that Reddic was looking for accomplices and a gun. The informant also said that Reddic would be driving a brown Ford Maverick. A subsequent computer query revealed that Reddic had a prior felony robbery conviction. Police recorded the license plate number on a brown Ford Maverick at Reddic's home. Later that evening, police monitoring activities in front of the Rent-A-Center saw two men in a brown Ford Maverick with a license plate matching Reddic's drive past and slow down at the Rent-A-Center, then park about half a block away. Officers approached the car with their guns drawn, ordered the men from the car, and ordered them to lie face down on the ground. A pat down search of Reddic revealed a loaded semiautomatic handgun in his possession. Reddic was immediately placed under arrest.
 
 
 3
 Reddic thereafter entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). He now appeals that conviction and raises two issues. First, Reddic argues that the district court erred in denying his motion to suppress the firearm and his statement about the firearm. Second, Reddic argues that the district court erred in denying his motion to compel the government to divulge certain information about its confidential informant. We reject Reddic's arguments and affirm.
 
 
 4
 * Reddic argues that the district court erred in denying his motion to suppress the firearm and the statement he made to police concerning his possession of the firearm because his initial detention was not an investigatory stop, but was instead an arrest unsupported by probable cause.
 
 
 5
 Reddic argues that United States v. Delgadillo-Velasquez, 856 F.2d 1292 (9th Cir.1988), provides the key support for his position. In Delgadillo-Velasquez, police drew their guns and approached two men suspected of engaging in a drug deal, cried halt, ordered them to lie face down in the street, handcuffed them, announced they were under arrest, and read them their Miranda rights. We concluded that the police conduct in that case constituted an arrest, not an investigative stop, because of the handcuffs and the announcement to the men that they were being arrested. Delgadillo-Velasquez, 856 F.2d at 1295. In this case by contrast, the police did not immediately handcuff Reddic, inform him that he was under arrest, or read him his Miranda rights. Instead, Reddic was ordered to the ground at gunpoint and frisked for weapons, under conditions in which the police had reason to be concerned for their personal safety.
 
 
 6
 It is clear from our precedent that "[t]he use of force during a stop does not convert the stop into an arrest if it occurs under circumstances justifying fears for personal safety." United States v. Buffington, 815 F.2d 1292, 1300 (9th Cir.1987) (citation omitted). In Buffington, police forced two men out of a car at gunpoint, ordered them to lie face down on wet pavement, frisked them for weapons, and found a revolver. Evaluating the totality of the circumstances in that case, we concluded that the police had conducted an investigatory stop rather than an arrest. We noted that one of the men was known to have a violent criminal history, and that their actions constituted "sufficiently unusual conduct to warrant ... an investigatory stop." Buffington, 815 F.2d at 1300. Other cases in this circuit echo the Buffington analysis. See e.g., United States v. Jacobs, 715 F.2d 1343, 1345-46 (9th Cir.1983) (ordering defendant who was acting suspiciously to lie prone at gun point did not transform the stop into an arrest); United States v. Taylor, 716 F.2d 701, 708-09 (9th Cir.1983) (ordering defendant at gun point to lie face down in ditch where he was handcuffed did not transform the stop into an arrest where defendant was known to be dangerous and police officers were "justified in drawing their weapons in self-protection"). As in Buffington, the actions taken upon Reddic to protect the officers from potential harm did not change the investigative stop into an arrest.
 
 
 7
 In the alternative, Reddic argues that the investigatory stop was not supported by reasonable suspicion. Police must have a "founded suspicion of criminal activity to conduct an investigatory stop." Buffington, 815 F.2d at 1300 (citation omitted). Here, there was more than ample evidence of criminal activity afoot to create a "founded suspicion": a credible informant's tip containing numerous details about the commission of a crime (including the person to commit the crime, the car to be used, the place to be robbed, and the approximate time of the robbery), the match between the person named and his brown Ford Maverick, and the suspicious driving in front of the place to be robbed. The investigative stop was supported by reasonable suspicion and, therefore, was proper.
 
 II
 
 8
 Reddic argues that the district court erred in denying his motion for disclosure of information about the confidential informant and in failing to hold a hearing regarding that motion.
 
 
 9
 As a preliminary matter, we must examine whether we have jurisdiction to review this issue. Pursuant to his conditional plea under Fed.R.Crim.P. 11(a)(2), Reddic waived his right to appeal all issues except the denial of his suppression motion. United States v. Echegoyen, 799 F.2d 1271, 1275-76 (9th Cir.1986). The government argues that the dispute over whether the police effectuated an arrest or an investigative stop and the dispute over the confidential informant's identity are separate. We are unpersuaded. In Reddic's motion to suppress the firearm and the statements about the firearm, Reddic argued that the confidential informant was unreliable, and requested a court order to compel the government to disclose information about the informant. Reddic wanted to know the identity and criminal history of the informant in order to challenge the police's probable cause for the arrest or reasonable suspicion for the investigative stop. The issue of the informant's identity, therefore, was both actually and conceptually tied to the suppression motion. By preserving his right to appeal the suppression motion, Reddic preserved his right to challenge the court's ruling on his request for disclosure of information about the informant. Because we have jurisdiction to decide this issue, then, we turn to the merits.
 
 
 10
 We review the district court's denial of a motion to compel disclosure of an informant's identity for an abuse of discretion. United States v. Fixen, 780 F.2d 1434, 1439 (9th Cir.1986). Reddic wanted information about the confidential informant in order to attack his reliability for the purposes of the suppression motion. However, there is no right to an informant's identity where, as here, disclosure is sought to attack the probable cause underlying police action. Fixen, at 1439; United States v. Marshall, 526 F.2d 1349, 1359 (9th Cir.1975) (no right to disclosure of informant "who provided only information which, combined with other facts, gave the officers probable cause to arrest").
 
 
 11
 Reddic argues, however, that material omissions from the police affidavit, namely, the informant's criminal history and parole status, tended to show that the informant was unreliable and that Reddic was, therefore, at least entitled to an evidentiary hearing on the matter. In order to obtain an evidentiary hearing on an affidavit referring to a confidential informant, a defendant must challenge that the affidavit misrepresents or invents information. United States v. Kiser, 716 F.2d 1268, 1271 (9th Cir.1983). Specifically, a defendant must contend that the affidavit contains a deliberate falsehood or reckless disregard for the truth, a defendant must make a detailed offer of proof challenging the veracity of the affiant (not the informant), and the challenged statements must be necessary to a finding of probable cause, or in this case, reasonable suspicion. Id. (citation omitted). Reddic made no such showing. Reddic merely asserts that the police omitted information about the informant's criminal history and the fact that he was on parole. Reddic failed to make a specific offer of proof that the police deliberately fabricated the affidavit, or operated with a reckless disregard for the truth. The district court, therefore, was acting well within its discretion when it declined to order further disclosure about the confidential informant or to hold an evidentiary hearing on the matter.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3