53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Melvin ALBISO; Aurelio Jr. Casem, Plaintiffs-Appellants,
v.
Sherman BLOCK; County of Los Angeles; Dwayne Benson; Scott
Johnson; Ten Unknown Named L.A. County Deputy
Sheriffs, Defendants-Appellees.
 No. 93-55645.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 31, 1994.
Decided May 1, 1995.
 
 Before: CANBY, LEAVY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 I. Overview.
 
 
 3
 Melvin Albiso and Aurelio Casem, Jr., appeal the district court's directed verdict and summary judgments in favor of Los Angeles County deputy sheriffs ("the deputies") on their 42 U.S.C. Sec. 1983 claims alleging unlawful seizure and use of excessive force. We reverse the directed verdict and remand for retrial on the issue of excessive force against Albiso. We affirm the summary judgment on excessive force with respect to the deputies who did not come into physical contact with Albiso during the handcuffing procedure. We reverse the summary judgment granting qualified immunity to the deputies on the issue of seizure and remand for trial by a jury. Regarding the two district court orders vacating discovery orders of the magistrate judge, we reverse in part the order filed January 2, 1992, remanding it for reconsideration under the clear error standard and affirm the order filed June 5, 1991.
 
 
 4
 II. The directed verdict.
 
 
 5
 We note that no final judgments were entered by the district court resolving the claims against Sheriff Block or the county. Clearly, the district court's judgment at trial was intended to dispose of the entire action. Because the parties both treat the directed verdict as a final order, and because we find that proceeding with this appeal results in no prejudice to either party, we will review the issues appealed. As there is no danger here of "piecemeal appeal," "a practical rather than a technical construction to the finality rule" may be appropriate. Anderson v. Allstate Ins. Co., 630 F.2d 677, 681 (9th Cir. 1980).
 
 
 6
 The only issue being tried when the district court directed the verdict was whether or not the deputies who came into physical contact with Albiso had used excessive force against him. Casem testified that Albiso was subjected to excessive force when, lying face down and handcuffed, he was lifted to his feet by a single deputy whose efforts to raise him caused injuries to Albiso's back, shoulder, and wrists, and abrasions to his knees (as a result of dropping him). The deputies testified that two deputies lifted Albiso.
 
 
 7
 The district court ruled in favor of the deputies on the second day of trial after Albiso's attorney, Stephen Yagman, persisted in asking irrelevant questions and refused to call his next witness when the court ordered him to do so or rest his case.
 
 
 8
 We hold that the district court did not abuse its broad discretion in restricting counsel's redirect examination of the witness. The directed verdict must stand or fall on the evidence in the record at the time that Albiso was deemed to have rested his case. See McGonigle v. Combs, 968 F.2d 810, 816 (9th Cir.) ("[A] directed verdict is proper when the evidence permits only one reasonable conclusion as to the verdict."), cert. dismissed, 113 S. Ct. 399 (1992); Fed. R. Civ. P. 50(a)(1). We are required to view the evidence in the light most favorable to Albiso and to draw all possible inferences in his favor. Blanton v. Mobil Oil Corp., 721 F.2d 1207, 1219 (9th Cir. 1983), cert. denied, 471 U.S. 1007 (1985).
 
 
 9
 Claims against police officers for the use of excessive force are analyzed under the Fourth Amendment "reasonableness" standard. Graham v. Connor, 490 U.S. 386, 396 (1989). "Because questions of reasonableness are not well-suited to precise legal determination, the propriety of a particular use of force is generally an issue for the jury." Chew v. Gates, 27 F.3d 1432, 1440 (9th Cir. 1994), cert. denied, 130 L. Ed. 2d 1065 (1995). At the time the court issued its verdict, the jury had heard the testimony of Casem and two of the deputies. Casem and the deputies disagreed as to how Albiso was lifted, and whether he was lifted by one or two deputies. Viewing the facts in the light most favorable to Albiso, we must assume only one deputy lifted Albiso. The deputy's decision to lift a heavy man like Albiso without assistance cannot be deemed reasonable as a matter of law. At the very least, a question of fact is presented in this case. We therefore hold that the directed verdict was inappropriate, reverse, and remand for retrial by a jury.
 
 
 10
 III. Summary judgment for bystanding deputies.
 
 
 11
 Assuming, without deciding, that the officers who came into physical contact with Albiso used excessive force against him, we hold that the district court correctly ruled in favor of the other deputies at the scene on the issue of excessive force. While an officer may be liable for wilfully refusing to act in the face of ongoing assaults by fellow officers (or others) upon a custodial detainee, United States v. Reese, 2 F.3d 870, 888-90 (9th Cir. 1993), cert. denied, 114 S. Ct. 928 (1994), the bystanding officer's duty to protect is operative only when the officer is aware of a specific risk of harm to the plaintiff and has time and opportunity to intervene. Ting v. United States, 927 F.2d 1504, 1511-12 (9th Cir. 1991); see also Reese, 2 F.3d at 890. Because there is no evidence that the bystanding officers had time or opportunity to intervene, or reason to anticipate a specific risk of harm to Albiso, we hold that they are not liable to Albiso for any injuries he may have sustained. We therefore affirm the district court's ruling of summary judgment in their favor.
 
 
 12
 IV. Qualified immunity for all deputies regarding probable cause for arrest.
 
 
 13
 We hold that the seizure of Casem amounted to an investigatory stop requiring reasonable suspicion on the part of the offiers. See United States v. Jacobs, 715 F.2d 1343, 1345-46 (9th Cir. 1983) (holding that detention of suspect at gunpoint does not automatically convert an investigatory stop into an arrest). Because we find that the officers had reasonable suspicion to justify such an investigation, we hold that Casem has no cause of action against the deputies. However, we find that the manner in which Albiso was seized--in addition to being held at gunpoint, he was handcuffed and required to lie face down on the street while handcuffed--rendered his seizure an arrest. See United States v. Robertson, 833 F.2d 777, 780-81 (9th Cir. 1987) (holding similar circumstances to constitute an arrest). "The ultimate question is whether, in view of all the circumstances, a reasonable person would believe himself to be under arrest." Id. at 780. The following discussion is limited to the arrest of Albiso.
 
 
 14
 Albiso maintains that because his arrest was not based on probable cause, the deputies are not entitled to summary judgment on the issue of qualified immunity. "[Q]ualified immunity shields [officers] from suit for damages if a 'reasonable officer could have believed [the suspect's detention] to be lawful, in light of clearly established law and the information the [detaining] officer possessed."' Hunter v. Bryant, 502 U.S. 224, 227 (citing and quoting in part Anderson v. Creighton, 483 U.S. 635, 641 (1987)). Because we find that there are unresolved questions pertaining to the finding of probable cause, or whether a reasonable officer in the position of the defendants would have believed that there was probable cause, we remand for trial on this issue.
 
 
 15
 The threshold determination of whether the law governing the conduct at issue is clearly established is a question of law for the court. Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir. 1993). If no genuine issues of fact exist, "the determination whether those facts support an objective belief that probable cause or reasonable suspicion existed is ordinarily a question for the court." Id. However, "[i]f a genuine issue of fact exists preventing a determination of qualified immunity at summary judgment, the case must proceed to trial." Id.
 
 
 16
 [F]actual issues that may preclude a determination of summary judgment fall into two categories. First, a determination of reasonable suspicion or probable cause requires an inquiry as to the facts and circumstances within an officer's knowledge.... Second, the determination of what conduct underlies the alleged violation--what the officer and claimant did or failed to do--is a determination of fact.
 
 
 17
 Id. We find that triable issues of fact exist as to the deputies' finding of probable cause and as to their conduct during arrest.
 
 
 18
 It is undisputed that Albiso and Casem, then employees of the California State Department of Fair Employment and Housing, were sitting in broad daylight in their state-marked car outside the residence of a man they sought to serve with a subpoena, when they were seized by deputies responding to a burglary call. The caller, who gave a false name, alleged that a black man and a Hispanic man were attempting to break into his house. Finding that Albiso and Casem fit the physical descriptions of the alleged burglars, the deputies detained them. The deputies acknowledge that Albiso and Casem were in business attire, sitting quietly in their parked car when they arrived. The officers detained them at gunpoint and handcuffed Albiso before attempting to determine their identity. When they learned the two men were state employees on an official errand, they released them.
 
 
 19
 Some of the circumstances surrounding the arrest remain in dispute. The deputies deny having seen the state emblems on Albiso and Casem's car. Albiso maintains that the deputies ignored his repeated statements to the effect that he and Casem were state agents with identification. The deputies deny they heard Albiso and suggest the noise of the police helicopter and/or their P.A. system may have prevented them from doing so. Casem testified that Albiso spoke loudly and could clearly be heard, as the helicopter had moved off and the P.A. system was not in use when Albiso spoke. If the trier of fact determines that the deputies heard Albiso and ignored him, there would be a factual basis for them to find that the deputies lacked a good faith belief that probable cause existed to arrest Albiso.
 
 
 20
 "Probable cause exists when, at the time of arrest, the agents know reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense." United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1296 (9th Cir. 1988). Looking at the totality of the circumstances, as required by Illinois v. Gates, 462 U.S. 213, 230 (1983), it is far from clear that the undisputed facts gave rise to probable cause for this arrest.
 
 
 21
 The fact that the officers received a tip from a named but unknown source and found two men who fit the caller's description does not by itself establish probable cause for arrest. The information provided by the false tip must be assessed in relation to the facts and circumstances encountered by the deputies when they arrived on the scene. It is well-established that "[a]n anonymous tip, without more, does not constitute probable cause." United States v. Mendonsa, 989 F.2d 366, 368 (9th Cir. 1993). The tip in this case was not strictly speaking anonymous, as the caller gave a name, though a false one. However, an untested tip, even from an identified source, cannot by itself support a finding of probable cause. Delgadillo-Velazquez, 856 F.2d at 1297-98. In Delgadillo-Velazquez, we held that the tip of a confidential informant, passed along by an identified Customs Agent who reported the informant to be reliable, was insufficient to establish probable cause in the absence of evidence of the informant's reliability or any corroborating evidence of criminal activity at the scene. Id.
 
 
 22
 Because we cannot decide on this record that probable cause existed for the arrest of Albiso, or that a reasonable officer would have believed that probable cause existed, we cannot say that the deputies are entitled to qualified immunity as a matter of law. We therefore reverse the summary judgment in their favor, and remand for jury trial to determine whether there was any violation of Albiso's constitutional rights and what damages, if any, are due him. The question of qualified immunity may be resolved by the court using special verdicts or other appropriate means. See Sloman v. Tadlock, 21 F.3d 1462, 1467 and n.4 (9th Cir. 1994).
 
 
 23
 V. Discovery orders.
 
 
 24
 Albiso and Casem appeal the district court's orders vacating two of the decisions of the magistrate judge assigned to review pretrial discovery orders. A district court may refer pretrial issues to a magistrate judge under 28 U.S.C. Sec. 636(b)(1). At the request of a party, the district court shall review the magistrate judge's decision of nondispositive matters under the clearly erroneous standard. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir.), cert. denied, 112 S. Ct. 617 (1991); 28 U.S.C. Sec. 636(b)(1); Fed. R. Civ. P. 72(a). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir.) (citing 7 Moore, Lucas & Sinclair, Jr., Moore's Federal Practice p 72.03 at 72-23 (2d ed. 1989) and 12 Wright, Miller & Elliot, Federal Practice & Procedure Sec. 3076.5 (Supp. 1989)), cert. denied, 498 U.S. 846 (1990). Nondispositive issues also include discovery sanctions. Bhan, 929 F.2d at 1414.
 
 
 25
 In his order of April 19, 1991, the magistrate judge found that because the deputies had failed to raise the issue of attorney-client or work-product privilege in their answers to plaintiffs' interrogatories and document request, these privileges had been waived. The district court found this to be in error, because "the attorney-client privilege protects the client, not the attorney, and any waiver must be done by the client." The district court misstated the law. Fed. R. Civ. P. 33(b)(4), concerning interrogatories, states that "[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." (Emphasis added.)
 
 
 26
 While the magistrate judge was within the law in finding that the defendants had waived their privileges, his order does not include a review for good cause. Because the defendants apparently had no opportunity prior to the magistrate judge's decision to present evidence of good cause for failing to object, we hold it was appropriate for the district court to conduct this review. We draw upon our own rules of practice with respect to our review of district court decisions. While we do not ordinarily consider issues not passed upon by the district court, we have made exceptions "'when the issue is one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed,"' Franklin v. Foxworth, 31 F.3d 873, 878-79 (9th Cir. 1994) (Reinhardt, J., concurring) (quoting Bolker v. C.I.R., 760 F.2d 1039, 1042 (9th Cir. 1985), or where "injustice might otherwise result." United States v. Barnett, 935 F.2d 178, 180 (9th Cir. 1991).
 
 
 27
 While the district court was mistaken on the law as to waiver, it implicitly found that the defendants' reasonable expectation that privileged documents would be protected gave them good cause for failing to object. Thus, in granting the motion, the district court ordered the magistrate judge to "conduct proceedings to assure that privileged matter is not compromised whether by in camera examination of allegedly privileged documents or otherwise." Because we find the district court's review appropriate and its conclusion sustainable under Rule 33(b)(4), we affirm the order of June 5, 1991.
 
 
 28
 As to the district court's order of January 2, 1992, vacating the magistrate judge's order sanctioning defense counsel $900.00 for failing to comply with discovery, we find the district court failed to use the correct standard of review. Nondispositive decisions of a magistrate judge are to be overturned by the district court only for clear error, as noted above. The district court's holding that sanctions were inappropriate because "it is not implausible" that defense counsel erred in good faith does not comport with the clear error standard. We therefore reverse and remand for reconsideration under the correct standard.
 
 
 29
 For the foregoing reasons, the decisions of the district court are as to Casem,
 
 
 30
 AFFIRMED; as to Albiso,
 
 
 31
 AFFIRMED in part, and REVERSED and REMANDED in part. No costs allowed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3