56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Detrara HOWARD, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Detrara HOWARD, Defendant-Appellant.
 Nos. 94-50225, 94-50348.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 3, 1995.
Decided May 4, 1995.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Detrara Howard appeals his convictions in two separate jury trials and a bench trial for armed bank robbery in violation of 18 U.S.C. Secs. 2113(a), (d); use of a firearm during the commission of a violent crime in violation of 18 U.S.C. Sec. 924(c); and two counts of felon in possession of a firearm or ammunition in violation of 18 U.S.C. Secs. 922(g)(1), 924(e)(1). We affirm Howard's convictions on the firearm-related counts but reverse on the armed robbery count.
 
 
 3
 * Howard first claims the district court erred in denying his motion to suppress evidence. Howard argues that Officer Galloway's stop of him exceeded the bounds of a permissible Terry stop and became an arrest; because this arrest was not supported by probable cause, the evidence seized from Howard's car should be suppressed. This court reviews de novo whether a seizure exceeded the bounds of a Terry stop and became a de facto arrest. United States v. Harrington, 923 F.2d 1371, 1373 (9th Cir.), cert. denied, 502 U.S. 854 (1991).
 
 
 4
 "[T]he use of force in making a stop will not convert the stop into an arrest 'if it occurs under circumstances justifying fears for personal safety."' United States v. Jacobs, 715 F.2d 1343, 1345-46 (9th Cir. 1983) (quoting United States v. Beck, 598 F.2d 497, 501 (9th Cir. 1979)). "[T]he use of handcuffs, if reasonably necessary, while substantially aggravating the intrusiveness of an investigatory stop, does not necessarily convert a Terry stop into an arrest necessitating probable cause.... Likewise, requiring the suspect to lie down while a frisk is performed, if reasonably necessary, does not transform a Terry stop into an arrest." United States v. Taylor, 716 F.2d 701, 709 (9th Cir. 1983) (citations omitted).
 
 
 5
 Officer Galloway was alone when he stopped Howard, knew that the bank robber was armed, and feared that Howard may be attempting to escape. Under these circumstances, we hold that it was reasonably necessary for Officer Galloway to order Howard to lie on the ground and no handcuff him.[1] See Taylor, 716 F.2d at 709; United States v. Bautista, 684 F.2d 1286, 1289-90 (9th Cir. 1982), cert. denied, 459 U.S. 1211 (1983). Probable cause to arrest Howard ripened shortly thereafter when Officer Galloway saw money and a gun sticking out of the blue bag in the front seat of Howard's car.
 
 II
 
 6
 Howard next claims that Judge Real's comments and interruptions during the jury trial on the armed bank robbery count violated his Fifth Amendment due process rights to a fair trial including his right to a neutral and unbiased judge.
 
 
 7
 A reviewing court may order a new trial "only if the record discloses actual bias on the part of the trial judge or leaves the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality." United States v. Mostella, 802 F.2d 358, 361 (9th Cir. 1986) (quotation omitted).
 
 
 8
 Judge Real interrupted defense counsel and commented on the evidence being presented on more than one occasion during the short jury trial. During counsel's cross-examination of Officer Galloway, Judge Real interrupted several times. For example, after counsel asked Officer Galloway a question regarding police procedures for going to the scene of a robbery, Judge Real interrupted and stated: "He got there. How he got there is totally irrelevant." Howard suggests this line of questioning was relevant to show the amount of time that elapsed between the bank robbery alert and the transmission of the 911 dispatch; if it was a significant amount of time, then the custody of the gun or the car might have changed before Howard reached the gas station.
 
 
 9
 During the cross-examination of FBI Agent Gerald Brown, Judge Real again interrupted defense counsel. Most troubling were Judge Real's interruptions and comments during counsel's questioning about fingerprint evidence. In response to a question from defense counsel, Agent Brown stated that analysis was not done on the fingerprint evidence obtained at the Bank because Howard had been arrested so soon after the robbery. When counsel asked whether fingerprints were taken from the gun, Agent Brown answered no. Counsel then began to ask whether the fact that a teller testified that Howard had held the gun during the robbery should have prompted a taking of fingerprints from the gun. Judge Real interrupted: "You don't know, counsel. That's just conjecture. Some people leave fingerprints, some people don't." When counsel again asked whether a fingerprint analysis had been done on the gun, Judge Real stated: "He just told us that he didn't think it was necessary under the circumstances of the case as he saw it."
 
 
 10
 These interruptions crossed the line from proper management of the orderly presentation of testimony into improper interference. Whether Howard actually had the gun during the robbery was a crucial element of the prosecution's case. Judge Real not only cut off defense counsel's line of questioning, he answered the question for Agent Brown by stating: "Some people leave fingerprints, some people don't." This is a response that was not even suggested by Agent Brown's testimony. In addition, Judge Real bolstered Agent Brown's explanation for his failure to run a fingerprint analysis by stating: "He just told us that he didn't think it was necessary under the circumstances of the case as he saw it." However, Agent Brown had given no such explanation for his failure to do a fingerprint analysis on the gun. These comments risked leaving the jury with the impression that the judge was partial to the prosecution's case.[2] See United States v. Harris, 501 F.2d 1, 10 (9th Cir. 1974) (due process violation where Judge Real "came to the aid of the prosecutor by interrupting defense counsel and by participating unduly in the trial").
 
 
 11
 Howard also claims that Judge Real's interruptions violated his Sixth Amendment confrontation rights.
 
 
 12
 Whether a court's limitation on cross-examination constitutes a violation of the Confrontation Clause is reviewed de novo. United States v. Baker, 10 F.3d 1374, 1405 (9th Cir. 1993). In general, "[i]t is entirely proper for [a trial judge] to participate in the examining of witnesses for the purpose of clarifying the evidence, confining counsel to evidentiary rulings, controlling the orderly presentation of the evidence, and preventing undue repetition of testimony." United States v. Mostella, 802 F.2d 358, 361 (9th Cir. 1986).
 
 
 13
 For the reasons discussed above, we also hold that Judge Real's interruptions and comments went beyond the realm of controlling the orderly presentation of evidence and crossed into the realm of improper interference with Howard's right to confront the witnesses against him.
 
 
 14
 In sum, Judge Real's conduct at trial leaves us with the abiding impression that he projected to the jury an appearance of partiality for the prosecution's case. Mostella, 802 F.2d at 361. We therefore reverse Howard's conviction for armed bank robbery.[3]
 
 III
 
 15
 Howard claims the second jury trial on the use of a firearm count violated the Double Jeopardy Clause. In the first jury trial, the jury hung on this count and a mistrial was declared.
 
 
 16
 This court has held that the imposition in a single trial of cumulative punishment under both 18 U.S.C. Secs. 2113(a), (d) and 18 U.S.C. Sec. 924(c) -- the statutes under which Howard was prosecuted -- does not violate the Double Jeopardy Clause. United States v. Blocker, 802 F.2d 1102, 1105 (9th Cir. 1986). This holding applies by analogy to multiple prosecutions, as in the instant case.[4] For double jeopardy purposes, the retrial as a result of the jury's failure to reach a verdict on the firearm charge under 18 U.S.C. Sec. 924(c) is considered part of a single trial. "By definition, such a retrial is a continuation of a single prosecution, not a successive prosecution." United States v. Seley, 957 F.2d 717, 720 (9th Cir. 1992). See also Richardson v. United States, 468 U.S. 317, 325 (1984) ("[T]he failure of the jury to reach a verdict is not an event which terminates jeopardy."). Thus, the trial on the armed robbery count and the trial on the use of a firearm count were effectively a single trial, for which punishment could be imposed under both statutes.
 
 IV
 
 17
 For the above reasons, we affirm the district court's denial of Howard's motion to suppress. We reverse, however, Howard's conviction for armed bank robbery in the jury trial before Judge Real. Because it was not affected by Judge Real's conduct, we affirm Howard's conviction on the felon in possession of a firearm counts. Finally, we affirm Howard's conviction on the use of a firearm count.
 
 
 18
 AFFIRMED in part and REVERSED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Howard's reliance on United States v. Del Vizo, 918 F.2d 821 (9th Cir. 1990) is misplaced. In Del Vizo, unlike the instant case, the apprehending officers had not been warned that the suspect was armed and had no reason to believe he would attempt an escape. Thus, handcuffing the defendant was not reasonably necessary and converted the stop into a de facto arrest. See id. at 824-25
 
 
 [2]
 In addition, during an outburst by Howard in front of the jury, Howard exclaimed that there were no fingerprints on the gun "'cause I ain't had my hands on that gun." Judge Real then instructed the jury to ignore any "misstatements" made during the incident. In so doing, Judge Real may have left the jury with the impression that Howard's statement -- that he did not have the gun -- was incorrect. Again, this was an improper commentary on the defense's case, particularly where possession of the gun was a crucial element of the offense
 
 
 [3]
 Howard also claims the district court erred in denying his motion for new trial and his related "motion to rescind order precluding all communication with jury panel." Because we reverse Howard's conviction on the above grounds, we need not address this claim
 
 
 [4]
 In United States v. Dixon, 113 S. Ct. 2849, 2860 (1993), the Supreme Court stated: "[T]he [Double Jeopardy] Clause serves the function of preventing both successive punishment and successive prosecution, but there is no authority, except Grady, for the proposition that it has different meanings in the two contexts." Dixon overruled Grady v. Corbin, 495 U.S. 518 (1990). Thus, if successive punishment under the statutes at issue does not violate double jeopardy -- as this court held in Blocker -- then successive prosecution under the statutes does not violate double jeopardy either