**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

SEP 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10208 |
| Plaintiff-Appellee, | D.C. Nos. 2:21-cv-02155-APG-EJY 2:20-mj-01041-EJY-1 |
| v. | |
| MARK DAVID GALLOWAY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted August 23, 2023[**]
San Francisco, California

Before:  BUMATAY, KOH, and DESAI, Circuit Judges.

Mark Galloway ("Galloway") appeals his conviction for operating a motor vehicle while under the influence of alcohol in the Lake Mead National Recreation Area, in violation of 36 C.F.R. § 4.23(a)(1) and 16 U.S.C. § 3.  We affirm.

1.    Sufficient evidence supports Galloway's conviction.  A conviction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 36 C.F.R. § 4.23(a)(1) requires the government to prove that the defendant "(1) was operating a vehicle; (2) while under the influence of alcohol; (3) to a degree that rendered him incapable of safe operation." *United States v. Stanton*, 501 F.3d 1093, 1099 (9th Cir. 2007). Galloway challenges the sufficiency of the evidence as to the third element. Galloway relies on the testimony of the arresting officer, National Park Service Ranger Dylan Romine ("Romine"), that Romine would immediately pull over someone who was driving dangerously or was incapable of safe operation but did not immediately pull Galloway over. However, a reasonable factfinder could still find that Galloway was driving while intoxicated at a level rendering him "incapable of safe operation." 36 C.F.R. § 4.23(a)(1). Viewed in the light favorable to the verdict, the evidence of Galloway's driving and post-stop behavior, such as pulling down his pants, along with Galloway's performance on the field sobriety tests and the rangers' observations that Galloway had alcohol on his breath and was slurring his speech, support such a finding.[1]

2.      Galloway also contends that the rangers violated his Fourth Amendment rights by conducting a seizure that exceeded the scope of a *Terry* stop and was not supported by probable cause. *See Terry v. Ohio*, 392 U.S. 1 (1968).

---

[1] Even though Galloway challenges the admission of some of this evidence, we "assume that the evidence at trial was properly admitted" when reviewing the sufficiency of the evidence. *United States v. Freeman*, 498 F.3d 893, 908 (9th Cir. 2007) (quoting *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1009 (9th Cir. 1995)).

Galloway does not contest that the rangers had reasonable suspicion to stop his vehicle at the outset, based on the report that Galloway was leaving the site of a physical domestic violence altercation and may have had a firearm. *See id.* at 19–22. Under the circumstances, ordering Galloway out of the vehicle with guns drawn did not convert the stop into a de facto arrest. *See, e.g.*, *United States v. Jacobs*, 715 F.2d 1343, 1345–46 (9th Cir. 1983) (per curiam); *United States v. Greene*, 783 F.2d 1364, 1367–68 (9th Cir. 1986).

We need not decide whether handcuffing Galloway, or any of the rangers' subsequent actions (including prolonging the stop), took the stop outside the scope of *Terry* because the rangers had probable cause to arrest Galloway for driving under the influence by the time they handcuffed him. Galloway's driving patterns, which Romine observed for five to six minutes, coupled with Galloway's behavior after he was stopped, would permit "a prudent person . . . [to] conclude[] that there was a fair probability" that Galloway had been driving under the influence. *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)).[2]

3.      Galloway has not shown that the purported misinformation Romine gave Galloway about the consequences of refusing a chemical breath test

---

[2] Galloway argues that any probable cause dissipated after the rangers received a report from another ranger who had spoken to Galloway's wife, but that report had no bearing on the existence of probable cause for driving under the influence.

constitutes a due process violation. Unlike the cases on which Galloway relies, Galloway did not refuse a test, was not charged with refusing a test, and is not challenging a refusal-based charge or sentence. *See United States v. Harrington*, 749 F.3d 825, 827–30 (9th Cir. 2014) (reversing a conviction for refusing to submit to a test because it was "fundamentally unfair to convict Harrington on the refusal charge when he was told time and again that his refusal to submit to a blood alcohol test was not in itself a crime, even though it was"); *Roberts v. Maine*, 48 F.3d 1287, 1291–92 (1st Cir. 1995) (finding that imposition of a mandatory jail sentence for refusal to take a blood alcohol test was fundamentally unfair). Galloway has not shown how receiving accurate information about the consequences of refusal would have affected his conviction under 36 C.F.R. § 4.23(a)(1). Galloway has also not demonstrated or argued that his right to counsel had attached at the time of the refusal. Therefore, we reject Galloway's arguments based on Romine's statement that refusing to do a test without a lawyer would constitute a refusal.

4. Even assuming that Romine's testimony about the results of the horizontal gaze nystagmus ("HGN") field sobriety test was improperly admitted, any error was harmless. *See United States v. Martin*, 796 F.3d 1101, 1105 (9th Cir. 2015) ("Even if an evidentiary ruling was incorrect, we will vacate a conviction only if that ruling 'more likely than not affected the verdict.'" (quoting *United*

4

*States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004))). Based on the strength of the evidence and the magistrate judge's statements in rendering the verdict, the government has met its burden to show harmlessness by a preponderance of the evidence. *See id.* Therefore, we do not decide whether the trial court abused its discretion in admitting Romine's testimony.

**AFFIRMED.**