5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Anthony MCGEE, Defendant-Appellant.
 No. 92-10405.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1993.
Decided Sept. 7, 1993.
As Amended Nov. 5, 1993.
 
 Appeal from United States District Court for the District of Nevada; No. CR-S-91-276-PMP (LRL), David Alan Ezra, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before: REINHARDT, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Anthony McGee appeals from his conviction for one count of conspiracy to counterfeit obligations of the United States; one count of possession of counterfeit obligations in violation of 81 U.S.C. Sec. 472; and three counts of uttering counterfeit obligations in violation of that section. McGee also appeals the district court's decision to increase his offense level based on obstruction of justice. We affirm.
 
 
 3
 I. Motion for new trial based on newly discovered evidence.
 
 
 4
 McGee's appeal of the denial of his motion for a new trial based on his post-trial discovery of the death of Timothy Taylor fails because it is not probable that the evidence would have led to an acquittal. See United States v. Davis, 960 F.2d 820, 824-45 (9th Cir.1992), cert. denied, 113 S.Ct. 210 (1992).
 
 
 5
 McGee argues that proof of Taylor's death would have strengthened his argument that he innocently obtained the counterfeit bills from Taylor, if only because it would have proved that he was not lying about Taylor's existence. First, it is doubtful that knowledge of Taylor's death would have made a significant difference in convincing the jury that Taylor was the source of the counterfeit bills. Indeed, the jury might have been unfavorably impressed by the knowledge that the man from whom the defendants allegedly obtained $1300 at 3:00 a.m. in Inglewood was shot to death shortly thereafter. Second, the source of the money is not material to the crimes for which the defendants were convicted. The government did not contend that the defendants personally manufactured the counterfeit bills. The jury knew the bills had to come from somewhere. Even if Taylor's death would have convinced the jury that he gave the defendants the counterfeit bills, that knowledge would not likely have altered their conclusion that the defendants knew the $20 bills were counterfeit and attempted to pass them anyway.
 
 
 6
 II. Batson Challenge.
 
 
 7
 The government used five of the six peremptory strikes allotted to it on four white venireman and one African-American venireman. The African-American, Jones, was the only black member of the jury pool. McGee is also African-American. The district judge denied McGee's Batson challenge to the government's use of a peremptory strike against Jones.
 
 
 8
 To sustain a Batson challenge, a defendant must make a prima facie showing that the prosecutor exercised a peremptory challenge on the basis of race. Following a prima facie showing, the burden shifts to the prosecutor to articulate a race-neutral explanation for his action. A neutral explanation means:
 
 
 9
 an explanation based on something other than the race of the juror. At this step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral.
 
 
 10
 Hernandez v. New York, 111 S.Ct. 1859, 1866 (1991).
 
 
 11
 The Assistant U.S. Attorney offered a race-neutral explanation for his decision to strike Jones that met the test of Hernandez: he stated that he struck Jones because she had been convicted of embezzlement--a crime of moral turpitude somewhat similar to the crime with which the defendants were charged. He also explained that Jones was still under court supervision for her restitution payments. The district court assumed arguendo that the defendant had made a prima facie showing of discrimination, but accepted the prosecutor's race-neutral explanation of the decision to strike Jones. The trial court's decision on the ultimate question of discriminatory intent represents a finding of fact which is reviewed for clear error. Id. at 1868-69.
 
 
 12
 McGee argues that the prosecutor's race-neutral explanation is pretextual because he failed to strike a white juror whose son had been sentenced to a lengthy prison term for sexual assault. The government counters that sexual assault is not a money-related offense, and points out that the prosecutor struck white juror Alvis who had been arrested for but not convicted of bank fraud.
 
 
 13
 The distinction drawn between financial crimes and others is reasonable. There is no basis in the record for discerning error in the district court's finding that the prosecutor's decision to strike Jones was not based on racial bias.
 
 
 14
 III. Motion for Mistrial Based on the Court's Questioning of the Defendant.
 
 
 15
 McGee contends that the district court committed reversible error by questioning him after the conclusion of cross-examination. He specifically complains of the following question:
 
 
 16
 Q: So at the time you went to the Circus Circus, then, and you took the money, you knew that the money you were spending was the money from Dips [Taylor]; Is that right?
 
 
 17
 A: Yes, Sir.
 
 
 18
 According to McGee, this question, and the line of questions preceding it, exposed a damaging fact that otherwise would not have come to light. Absent the court's questioning, the jury might have concluded that McGee simply intermingled all of his money, and did not know whether the money spent at Circus Circus was obtained from Taylor or from another source. As a result of the judge's interrogation, it was made clear to the jury that McGee segregated the money from Taylor from his other funds and spent only Taylor's money at Circus Circus.
 
 
 19
 In essence, McGee's argument is that the court elicited relevant evidence from him. This is not error. Federal Rule of Evidence 614(b) provides: "The Court may interrogate witnesses, whether called by itself or by a party." These powers of interrogation are susceptible to being abused, but a judge does not abuse them simply by eliciting relevant evidence. Reversible error occurs only where the judge's questioning displays actual bias or projects to the jury an appearance of advocacy or partiality. United States v. Mostella, 802 F.2d 358, 361 (9th Cir.1977). Extensive questioning, without more, will not lead to a reversal. Id. at 362. Although McGee asserts that the court's questioning betrayed partiality, he points to no evidence in the record which supports this assertion.
 
 
 20
 IV. Two Level Upward Adjustment.
 
 
 21
 McGee's argument that the district court erred as a matter of law by increasing his offense level for obstruction of justice based on untrue statements at trial is foreclosed by U.S. v. Dunnigan, 113 S.Ct. 1111 (1993), which upheld that practice.
 
 
 22
 McGee also makes a vague assertion that the trial judge's finding that he attempted to obstruct justice was not supported by sufficient evidence. The district court found that McGee attempted to obstruct justice by testifying untruthfully at trial and by attempting to mislead the federal agents investigating his case. The trial judge's finding was based in part on his perception that McGee's story that he "could" have gotten the counterfeit money from an ATM machine conflicted with his claim that he in fact received it from Timothy Taylor.[1] Whether the two stories were in conflict and whether they represented an attempt to obstruct justice depend on subtleties of interpretation that the district court was best capable of resolving. Although McGee's conduct in this respect was hardly egregious, we review the court's finding of an obstruction of justice under a clear error standard. U.S. v. Barbarosa, 906 F.2d 1366, 1369 (9th Cir.1990), cert. denied, 498 U.S. 961 (1990). We have not been furnished with nor are we aware of any basis for holding that under that standard reversal of the district court's finding is warranted.
 
 
 23
 For the reasons given, the judgment of conviction and the sentence are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The court accepted McGee's contention that the sentencing report inaccurately stated that he said he received the money from ATM machine; the court adopted McGee's contention that he said he "could" have obtained it from a machine. S.Tr. at 14