101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugenio RODRIGUEZ-SALINAS, Defendant-Appellant.
 No. 96-50136.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Nov. 13, 1996.
 
 Before: BROWNING, THOMPSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugenio Rodriguez-Salinas appeals from his conviction on one count of conspiring to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846, 841(a)(1); and on two counts of possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Rodriguez argues that two comments made by the district court during trial supported a government witness's credibility and, thus, deprived Rodriguez of a fair trial. Because Rodriguez did not object after the district court made the challenged comments, we review the comments for plain error. United States v. Springer, 51 F.3d 861, 864 n. 1 (9th Cir.1995).
 
 
 4
 During cross-examination of Ortiz, Rodriguez's counsel questioned him about a criminal complaint allegedly filed in Delaware which charged a Jose Ortiz with theft. This document had not been certified or authenticated. After Rodriguez's counsel asked several questions about the document, the following exchange occurred:
 
 
 5
 Court: And I want to put an end to the cross-examination in a few moments ... unless we go on to a new subject.
 
 
 6
 Defense Counsel: That's fine.
 
 
 7
 Court: Because that's clearly hearsay and not an authenticated document.
 
 
 8
 Defense Counsel: that's fine, your Honor.
 
 
 9
 Court: It could be prepared by anybody.
 
 
 10
 Second, during cross-examination, Nungaray's counsel asked Ortiz several questions about whether he had served two tours or campaigns in Vietnam. The district court then stated:
 
 
 11
 Let's not argue. He was in Vietnam, Counsel. We're not going to argue. He says the time. We're not going to--whether it's a "campaign" or a "tour" or what. Now, proceed.
 
 
 12
 We conclude the district court's comments cannot be interpreted as supporting the witness's credibility. Instead, the district court properly was "controlling the orderly presentation of the evidence, and preventing undue repetition of testimony." United States v. Mostella, 802 F.2d 358, 361 (9th Cir.1986).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3