119 F.3d 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nolan REESE, Defendant-Appellant.
 No. 96-50277.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1997
Decided July 22, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of California, No. CR-93-00817-1-LCN; Leland C. Nielsen, District Judge, Presiding.
 
 
 2
 Before CANBY and THOMAS, Circuit Judges, and KING,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Nolan Reese appeals his jury conviction for distribution of base cocaine, a violation of 21 U.S.C. § 841(a)(1). Reese contends that the district court erred in denying his motions for a mistrial and new trial, in refusing to instruct the jury on entrapment, and in responding to questions the jury submitted to the court during deliberations without notifying or securing the presence of Reese and his counsel. Reese also appeals the district court's denial of his request for discovery on the issue of selective prosecution. We affirm.
 
 I.
 
 5
 Because the parties are familiar with the facts of this case, we repeat them here only as necessary.
 
 II.
 
 6
 We reject Reese's contention that the district court erred in denying his motion for discovery on his claim of selective prosecution. To have been entitled to discovery, Reese was required to produce "some evidence tending to show the existence of the essential elements of a selective-prosecution claim." See United States v. Armstrong, 116 S.Ct. 1480, 1489 (1996) (internal quotation omitted). There are two such elements: (1) "that similarly situated defendants of other races could have been prosecuted, but were not," id. at 1488; and (2) that the federal prosecutorial policy "was motivated by a discriminatory purpose." Id. at 1487 (internal quotation omitted).
 
 
 7
 Reese has failed to produce "some evidence tending to show" that the Southern District failed to prosecute white crack dealers similarly situated to himself. The district court found that the government had selected individuals for prosecution on the basis of their prior criminal records, the quantity of cocaine base involved, the individuals' membership in street gangs, and membership in large criminal organizations. The court found that Reese was investigated and prosecuted because (1) he had two prior violent felony convictions, (2) he sold a ten-year mandatory minimum quantity of crack, and (3) he was the leader of a violent street gang. Reese is not entitled to discovery unless he shows some evidence that federal prosecutors failed to target or prosecute white crack dealers exhibiting similar characteristics. See United States v. Turner, 104 F.3d 1180, 1185 (9th Cir.), cert. denied, 117 S.Ct. 1566 (1997) (white cocaine sellers not shown to have been gang members or to have sold large quantities were not similarly situated to black seller of large quantities targeted because of gang membership). Reese's evidence indicates only that there were a number of white crack dealers arrested in San Diego between 1989 and 1992 whom the Southern District Attorney did not prosecute. His evidence does not show a federal failure to investigate or prosecute any white dealers who had prior convictions, who sold large quantities, or who were members of street gangs. In the absence of such evidence, it is impossible to determine whether Reese's statistics concerning the infrequency with which the Southern District prosecutes white crack dealers are attributable to racially selective prosecution or to the race-neutral filtering effects of the Southern District's charging criteria. Such indeterminacy is fatal to Reese's selective-prosecution claim; "in the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties." Armstrong, 116 S.Ct. at 1486 (quoting United States v. Chemical Foundation, Inc., 272 U.S. 1, 14-15 (1926)).
 
 III.
 
 8
 We also find no merit in Reese's contention that the district court's statements during trial deprived Reese of his Fifth Amendment due process right to a fair trial before an impartial and unbiased judge, as well as his Sixth Amendment right to confrontation and cross-examination. Reese focuses particularly upon statements of the trial judge concerning the accuracy of a statement by Tegi Johnson, the government's confidential informant, that she had been arrested three times. Reese's counsel on cross-examination of Johnson asserted that the statement was wrong, and Johnson agreed. The court then stated that the answer was not wrong; Johnson had been arrested three times. The fact that she had been arrested many more times did not, in the court's view, make the answer incorrect because she did not say (in the document upon which she was being cross-examined) that she had been arrested "only" three times. Although the district court's comments could have been interpreted to support the witness in a manner that "projected to the jury an appearance of advocacy or partiality," United States v. Mostella, 802 F.2d 358, 361 (9th Cir.1986), the incident did not loom large in the cross-examination and we are convinced that the district court's allegedly antagonistic statements, here and elsewhere during the trial, were not so "pervasive and prejudicial as to require a new trial." United States v. Pena-Garcia, 505 F.2d 964, 967 (9th Cir.1974); see also United States v. Harris, 501 F.2d 1, 11 (9th Cir.1974) (reversing conviction because court's misconduct "could have influenced the jury adversely to the appellants"). With regard to Johnson, Reese's counsel was able to elicit more than enough information from Johnson indicating that Johnson had actually been arrested far more than three times. Cross-examination also revealed in great detail the many criminal transgressions, including multiple instances of perjury, committed by Johnson. Counsel had ample opportunity to impeach Johnson, and availed herself of it. Moreover, although Johnson was clearly an important witness in Reese's trial, the evidence of Reese's guilt presented at trial was overwhelming: Johnson's sale of crack to Reese was captured on videotape and was witnessed first-hand by DEA agents. In light of this evidence, we are convinced that the disputed comments by the trial judge, including those allegedly interfering with cross-examination, were harmless beyond a reasonable doubt. See United States v. Vargas, 933 F.2d 701, 704-05 (9th Cir.1991) (amended opinion) (to affirm conviction despite limitation on cross-examination so severe as to violate Sixth Amendment, error must be harmless beyond a reasonable doubt).
 
 IV.
 
 9
 Next, we reject Reese's contention that the district court erred in refusing to instruct the jury on entrapment. "In order to establish entrapment a defendant must show that he was (1) induced to commit the crime by a Government agent and (2) not otherwise predisposed to commit the crime. For the court to instruct on an entrapment defense, the defendant must present some evidence of both elements." United States v. Smith, 924 F.2d 889, 898 (9th Cir.1991) (internal citations omitted). Reese did not present any evidence to the district court that indicated that he was not predisposed to sell base cocaine to Johnson. Reese argues that because "there's been no evidence that he was predisposed ... the complete dearth of evidence regarding predisposition is evidence of lack of disposition." That argument, however, is foreclosed by Smith, which clearly indicates that the burden is on the defendant to introduce some evidence, however slight, that he was not predisposed to commit the crime. See id.
 
 V.
 
 10
 Finally, we find no merit in Reese's contention that his conviction must be reversed because the district court, without notifying or securing the presence of Reese and his counsel, responded to three questions posed by the jury during its deliberations. The jury's requests and questions were: (1) "we request the use of the video player"; (2) "must we disregard the content of the opening and closing statements?"; and (3) "we would like the transcript of the defendant attorney's opening statement." On reconstruction of the record, the district court indicated that it answered the three inquiries: (1) "yes"; (2) "no"; and (3) "no."
 
 
 11
 For the district court to have answered the jury's inquiries without giving Reese and his counsel the opportunity to be present violated Rule 43 of the Federal Rules of Criminal Procedure and possibly violated Reese's Fifth or Sixth Amendment rights. Reversal is not required, however, even for a constitutional violation, if the error was harmless beyond a reasonable doubt. See United States v. Frazin, 780 F.2d 1461, 1469-70 (9th Cir.1986) (quoting Chapman v. California, 386 U.S. 18, 24 (1967)). We conclude that the error was harmless by that standard. Reese contends that the district court's negative answer required the jury to disregard his counsel's opening and final statements. In context, however, the jury's inquiry necessarily related to the obligation of the jury to disregard the opening and closing statements of counsel if they were unsupported by, or conflicted with, the evidence. The district court's uncounseled negative answer cannot have affected the verdict.
 
 VI.
 The judgment of the district court is
 
 12
 AFFIRMED.
 
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3