**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William YAZZIE, Defendant–Appellant.**

No. 00–10190.

D.C. CR–98–770–PGR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2001.

Decided April 4, 2001.

---

Before NOONAN, MCKEOWN, and WARDLAW, Circuit Judges.

## MEMORANDUM [1]

William Yazzie appeals his convictions on three counts of abusive sexual contact in violation of 18 U.S.C. §§ 2244(a)(1) and (a)(3), and one count of sexual abuse of a minor in violation of 18 U.S.C. § 2243(a). We affirm.

Yazzie lived on the Navajo Indian Reservation in Arizona with his extended family. Trisha James, Yazzie's niece, and Jovonna Yazzie, Yazzie's granddaughter, were members of Yazzie's household. Allegations that Yazzie had sexually abused Trisha and Jovonna surfaced in 1995. Trisha was eleven years old when the abuse began. Jovonna was five years old.

In 1997, an FBI Agent and a Navajo Nation investigator went to Yazzie's home and asked to speak with him about the abuse allegations. The officers identified themselves as law enforcement personnel and told Yazzie that he would not be arrested at the end of the conversation that day. Yazzie was also told that he could refuse to talk to the officers and could terminate the conversation at any point. Yazzie freely agreed to talk. He followed the officers to their unmarked vehicle and sat in the passenger seat with the car

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

windows open. The officers did not give Yazzie *Miranda* warnings at any point during the approximately one hour interview. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Yazzie never asked for a lawyer, refused to answer a question, or indicated that he wanted to terminate the conversation. During the interview, Yazzie initially denied the allegations of sexual abuse, but later admitted to having abused Trisha.

Yazzie was indicted in 1998. After a four-day trial, a jury convicted him of sexual abuse of a minor and abusive sexual contact, and acquitted him of aggravated sexual abuse. Yazzie appeals to this court, arguing that his statements to the officers were not voluntary, and that he was prejudiced by various instances of prosecutorial misconduct during closing argument.

## I. Voluntariness

■■■■ Yazzie concedes that he was not in custody and not entitled to *Miranda* warnings when he admitted to the officers that he had engaged in sexual abuse. *See Thompson v. Keohane,* 516 U.S. 99, 102, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995). He nonetheless contends that his statements were involuntary because the officers coerced him. The proper inquiry is "whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *United States v. Leon Guerrero,* 847 F.2d 1363, 1366 (9th Cir.1988). Considering the circumstances of the interview, the officers' promise that they would not arrest Yazzie that day was not sufficient to overbear Yazzie's will. *See id.* at 1366–67. Nor did the officers coerce Yazzie by urging him to tell the truth. *See Amaya–Ruiz v. Stewart,* 121 F.3d 486, 494 (9th Cir.1997). Yazzie's statements were voluntary and were properly admitted.

## II. Prosecutorial Misconduct

■■■■ Yazzie argues that various instances of prosecutorial misconduct during closing argument entitle him to a new trial. Yazzie bears the burden of showing "first that the prosecution engaged in improper conduct and second that it was more probable than not that the prosecutor's conduct 'materially affected the fairness of the trial.'" *United States v. Aichele,* 941 F.2d 761, 765 (9th Cir.1991) (quoting *United States v. Smith,* 893 F.2d 1573, 1583 (9th Cir.1990)). Actual prejudice is necessary for reversal. *See United States v. Mostella,* 802 F.2d 358, 360–61 (9th Cir.1986).

■■■■ The government concedes that the prosecutor erred in misstating *Miranda* law and in suggesting that defense counsel had confused the government's witnesses on cross-examination. In each instance, the district court immediately sustained defense counsel's objections and prevented the prosecutor from continuing with the improper statements. In addition, the court instructed the jury that the trial judge alone would provide the governing law. No prejudice resulted from the prosecutor's errors. *See id.* at 361; *United States v. Nadler,* 698 F.2d 995, 1001 (9th Cir.1983).

Yazzie has not shown that any of the remaining alleged instances of prosecutorial misconduct caused him actual prejudice.

AFFIRMED.