**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carmen Salima YRIGOYEN,**
**Defendant–Appellant.**

**No. 00–50579.**
**D.C. No. CR–98–00504–BAF–01.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 3, 2002 *.

Decided April 17, 2002.

---

Before FERNANDEZ and RAWLINSON, Circuit Judges, and SHEA,** District Judge.

MEMORANDUM ***

Carmen Salima Yrigoyen appeals her conviction for money laundering and conspiracy to commit money laundering. *See* 18 U.S.C. § 1956. We affirm.

** The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

■ (1) Salima first claims that the district court did not properly instruct on entrapment because, in answer to a jury note, it referred the jury back to its instructions on that subject, and the prosecutor had given a misleading disquisition on what entrapment means. We disagree. The instruction itself was perfectly accurate, and nothing the jury asked suggested that it was confused about that. *See United States v. McIver,* 186 F.3d 1119, 1130 (9th Cir.1999); *United States v. Hayes,* 794 F.2d 1348, 1351 (9th Cir.1986). Therefore, it was proper to refer the jury to the pertinent instruction. To the extent that the prosecutor's simplistic disquisition on entrapment was in error, the district court did not abuse its discretion when it obviated any problem by telling the jury that it was to "follow my instructions, *not* what was argued by the attorneys." *See United States v. de Cruz,* 82 F.3d 856, 863 (9th Cir.1996); *United States v. Mostella,* 802 F.2d 358, 361 (9th Cir.1986); *cf. McDowell v. Calderon,* 130 F.3d 833, 837–39 (9th Cir.1997) (en banc) (where jury actually confused, referring it to original instructions not sufficient); *United States v. Warren,* 984 F.2d 325, 330 (9th Cir.1993) (same).

■ (2) The second arrow in Salima's quiver also misses its mark. She complains that the prosecutor vouched for a witness. However, what was said was not actually vouching—it did not in any way burnish the witness's credibility, but actually denigrated it. *See United States v. Tavakkoly,* 238 F.3d 1062, 1065–66 (9th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 263, 151 L.Ed.2d 192 (2001). To the extent that it could be considered vouching

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

at all, any error was harmless in this case where the evidence against Salima was overwhelming. *See de Cruz*, 82 F.3d at 863; *United States v. Shaw*, 829 F.2d 714, 717–18 (9th Cir.1987). Also, in context, it is apparent that the prosecutor was merely responding to a rather overwrought defense argument. *See United States v. Lopez–Alvarez*, 970 F.2d 583, 597–98 (9th Cir. 1992).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Roger L. Hunt, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.