Jackie Llinas DEMPERE,
Plaintiff–Appellant,

v.

CITY OF TUKWILA, a municipal corporation; et al., Defendants–Appellees.

No. 05–35631.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Filed Oct. 16, 2006.

Jackie Llinas Dempere, Tukwila, WA, pro se.

Richard B. Jolley, Esq., Keating Bucklin & McCormack Inc. P.S. Seafirst Plaza, Seattle, WA, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

## ORDER

The panel has voted to withdraw sua sponte the unpublished memorandum disposition filed May 23, 2006. A memorandum disposition filed concurrently with this order is filed in its place.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R.App. P. 35.

The petition for rehearing en banc is denied.

## MEMORANDUM **

Jackie Llinas Dempere appeals pro se from the district court's judgment in favor of the defendants following a jury trial in Dempere's 42 U.S.C. § 1983 action alleging use of excessive force during her arrest. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's trial management decisions and evidentiary rulings. *Navellier v. Sletten,* 262 F.3d 923, 941–42 (9th Cir.2001). We affirm.

We do not consider any contentions related to Dempere's claim that the police lacked probable cause to arrest her for a misdemeanor, because this court's March 11, 2002 order in case no. 01–35567 affirmed the district court's order granting summary judgment in favor of defendants on Dempere's false arrest claim. *See Merritt v. Mackey,* 932 F.2d 1317, 1320 (9th Cir.1991) (under the law of the case doctrine, an appellate court panel will not reconsider questions that another panel has previously decided in the same case).

In the memorandum disposition filed on May 23, 2006, we concluded that we were unable to review Dempere's contentions relating to the district court's trial management and evidentiary rulings because Dempere failed to provide a transcript of the proceedings as required by Fed. R.App. P. 10(b)(2). However, in her peti-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tion for rehearing en banc, Dempere informed this court that she had ordered a transcript of the trial, which was electronically filed with the district court. We have now received the trial transcript. After a thorough review of the transcript and Dempere's briefing on appeal, we conclude that the district court did not abuse its discretion in its trial management and evidentiary rulings. *See Navellier*, 262 F.3d at 941–42.

The district court also did not abuse its discretion in not allowing Dempere's non-attorney friend to sit with her at the counsel table during the trial. *See id.* at 941; *cf. Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir.1997) ("a non-lawyer has no authority to appear as an attorney for others than himself") (internal citations and quotations omitted).

To the extent Dempere contends the trial judge was biased against her, the record does not support a conclusion that the judge's comments, questions, or conclusions demonstrated actual bias warranting a new trial. *See United States v. Mostella*, 802 F.2d 358, 361 (9th Cir.1986).

Dempere's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.