**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jerome Harold HALL, aka Seal B, aka Jeru Harold Hall, aka Jerome Harold Hall, Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Taasen Fairmont Sumeru, aka Seal A, David Freeston, Defendant—Appellant.**

**Nos. 06–50356, 06–50381.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2008.

Filed March 19, 2008.

DOJ—U.S. Department of Justice Criminal Division, Washington, DC, for Plaintiff–Appellee.

Warrington S. Parker, III, Esq., Heller Ehrman, LLP, San Francisco, CA, for Defendant–Appellant.

Before: PREGERSON and WARDLAW, Circuit Judges, and LEIGHTON,* District Judge.

## MEMORANDUM **

Appellants Jerome "Jeru" Hall ("Hall") and Taasen Sumeru ("Sumeru") appeal their convictions for securities fraud, wire fraud, and in Sumeru's case, money laundering conspiracy and failure to file an income tax return as well. Appellants contend that the trial court participated in their trial to such an extent as to render it unfair. Having conducted a thorough review of the record, we agree that Hall and Sumeru were prejudiced by the trial court's excessive and biased interventions. Accordingly, we reverse and remand this case for a new trial before a different judge.

While a district court judge has considerable discretion in the management of his courtroom, the judge "must be ever mindful of the sensitive role [he] plays in a jury trial and avoid even the appearance of advocacy or partiality." *United States v. Harris*, 501 F.2d 1, 10 (9th Cir.1974). A trial court's participation in the proceedings warrants reversal "if the record ... leaves the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality." *United States v. Mostella*, 802 F.2d 358, 361 (9th Cir.1986) (internal quotation marks omitted). At Appellants' trial, the court accorded such preferential treatment to the Government that the jury could only have concluded that the court disfavored the defense.

The catalog of inappropriate behavior by the trial court is long, so we merely summarize it here. The court persistently interrupted Appellants' presentation of their evidence, *sua sponte* interposing adverse evidentiary rulings with such frequency that the Government was effectively relieved of its responsibility to make objections. By contrast, the court allowed the Government to examine witnesses and move exhibits into evidence without the same degree of scrutiny and intervention. The court overruled most defense objections without explanation, and admitted evidence offered by the Government that it had previously excluded when offered by the defense. The court made several intemperate remarks to defense counsel while in the jury's presence. The court also terminated Sumeru's cross-examination of a prosecution witness without valid reason, and refused to permit Hall to cross-examine the witness. Finally, the court aggressively questioned two witnesses in a manner that crossed the line between clarifying the evidence, which is permissible, and aiding the Government, which is not. *See Id.* at 361–62.

Taken together, the trial court's biased evidentiary rulings, disparaging remarks, and lengthy interrogations of witnesses "created an atmosphere in which an objectively fair trial could not be conducted." *Harris*, 501 F.2d at 11 n. 20. "[T]he cu-

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mulative effect was so pervasive and prejudicial as to require a new trial." *United States v. Pena–Garcia,* 505 F.2d 964, 967 (9th Cir.1974). We therefore **REVERSE** Appellants' convictions, **VACATE** their sentences, and **REMAND** for a new trial with instructions that the Clerk of the Court for the Central District of California reassign this case to a different judge.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.