**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30010 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00063-SEH-1 |
| v. | |
| RICHARD SILVERWHIP ST. MARKS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted November 14, 2011
Portland, Oregon

Before: FISHER, PAEZ, and CLIFTON, Circuit Judges.

Richard St. Marks appeals his conviction for burglary. Without deciding whether the district court's jury instructions correctly described Montana law's knowledge requirement, we hold that any error in the instructions was harmless. We also hold that the district court did not abuse its discretion by interrupting the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

defense counsel's closing statement to strike what the court considered a "golden rule argument." We therefore affirm.

Defendant distinguishes between knowingly *and* unlawfully entering the victims' house and knowing *of* the unlawfulness of that entry, but since the government proved both kinds of knowledge beyond a reasonable doubt, that distinction makes no difference in this case. Defendant concedes that he did not in fact have permission to enter the victims' house and overwhelming evidence shows he knew that: the door to the house was forced open, Defendant threatened the house's inhabitants, and Defendant fled when he believed the police were on their way. Moreover, there is no suggestion that Defendant's entry was the result of mistake or incapacity. Because the circumstances leave no reasonable doubt that Defendant knew his entry was unauthorized, we hold that any misstatement of Montana law's knowledge requirement was harmless. *See United States v. Cherer*, 513 F.3d 1150, 1155 (9th Cir. 2008).

Defendant also challenges the district court's interruption of his attorney's request during closing statement that the jurors consider whether they would "convict a family member based on the testimony of [the government's] witnesses." The parties dispute whether or not this statement was a prohibited "golden rule argument," a label that is more typically attached to requests by a

2

prosecutor or plaintiff's attorney that the jurors step into the shoes of the victim or plaintiff. *See, e.g. Fields v. Woodford*, 309 F.3d 1095, 1109 (9th Cir. 2002).

We need not decide that issue. We review for abuse of discretion the district court's restrictions on closing argument, and will not overturn a conviction based on interruption of closing argument unless "the record 'discloses actual bias on the part of the trial judge or leaves the reviewing court with an abiding impression that the judge's remarks . . . projected to the jury an appearance of advocacy or partiality.'" *United States v. Mares*, 940 F.2d 455, 464 (9th Cir. 1991) (quoting *United States v. Mostella*, 802 F.2d 358, 361 (9th Cir. 1986)). Here, the record discloses no actual or apparent bias. The district court's remarks did not chastise defense counsel or derail his presentation. The court simply noted that the argument was out of bounds and then allowed him to proceed. Defense counsel points to the fact that the district court reprimanded him the previous day on his handling of an unrelated issue, but those remarks conveyed no animus against defense counsel or his client, and were in any case made outside the presence of the jury. We therefore hold that the district court did not abuse its discretion, irrespective of whether defense counsel's statements may have crossed into forbidden golden rule territory.

**AFFIRMED.**