**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOSEPH GRANSON PRITCHARD,<br><br>Defendant - Appellant. | No. 10-50438<br><br>D.C. No. 8:08-cr-00267-R-2<br><br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>RONNIE JOSEPH JOHNSON, AKA<br>Ronnie Johnson,<br><br>Defendant - Appellant. | No. 10-50459<br><br>D.C. No. 8:08-cr-00267-R-3 |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee, | No. 10-50490<br><br>D.C. No. 2:99-cr-01214-R-1 |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

RONNIE JOSEPH JOHNSON,

        Defendant - Appellant.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted March 7, 2012
Pasadena, California

Before: THOMAS, WARDLAW, and BERZON, Circuit Judges.

Joseph Granson Pritchard and Ronnie Joseph Johnson appeal their convictions for conspiracy to commit bank robbery (18 U.S.C. § 371), armed bank robbery (18 U.S.C. § 2113(a); (d)), and using a firearm during a crime of violence (18 U.S.C. § 924(c)). We reverse. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

Appellants contend that the trial judge interfered with the trial so extensively as to render it unfair. After a thorough review of the record, we agree. Accordingly, we reverse and remand this case for a new trial before a different judge.

While a district court judge has considerable discretion in the management of his courtroom, the judge "must be ever mindful of the sensitive role [he] plays

in a jury trial and avoid even the appearance of advocacy or partiality." *United States v. Harris*, 501 F.2d 1, 10 (9th Cir. 1974). A trial court's participation in the proceedings warrants reversal "if the record ... leaves the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality." *United States v. Mostella*, 802 F.2d 358, 361 (9th Cir. 1986) (internal quotation marks omitted).

The trial judge interrupted the defense over 70 times, but he interrupted the government only once. His interruptions of the defense's cross-examination of a cooperating witness effectively prevented the defense from presenting its theory of impeachment. He referred to "gang members" in front of the jury; although the statement was ambiguous, the jury could well have understood it as applying to the defendants. We have criticized some of the trial judge's statements in the past, and he repeated them here, almost verbatim. *Compare United States v. Scott*, 642 F.3d 791, 799 (9th Cir. 2011) (noting the trial judge's criticism of defense counsel for "failing to 'give th[e] jury [ ] credit for brains'") *with* the judge's statement in this case ("THE COURT: Counsel, the jury can see it. Please. Give them some principles of brains."). He also accused defense counsel of "playing games" for legitimately cross-examining a witness. During Johnson's closing argument, the trial judge *sua sponte* instructed the jury that "[t]he investigation [of the

government] is not on trial here; the defendants are" – erroneously implying that the jury was not to scrutinize the government's investigation or consider the absence of evidence in reaching its verdict.

Considered in isolation, these errors might not warrant reversal. However, considered cumulatively, they lead us to conclude that the trial judge "created an atmosphere in which an objectively fair trial could not be conducted." *Harris*, 501 F.2d at 11 n. 20. "[T]he cumulative effect was so pervasive and prejudicial as to require a new trial." *United States v. Pena–Garcia*, 505 F.2d 964, 967 (9th Cir. 1974).

We therefore REVERSE Appellants' convictions, VACATE their sentences, and REMAND for a new trial with instructions that the Clerk of the Court for the Central District of California reassign this case to a different judge.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**