
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10403 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00219-DKW |
| v. | |
| CHARLES FOSTER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick K. Watson, District Judge, Presiding

Submitted October 18, 2016[**]
Honolulu, Hawaii

Before: WALLACE, FARRIS, and WATFORD, Circuit Judges.

Charles Foster appeals from his jury conviction of one count of possession

of 50 grams or more of methamphetamine with intent to distribute in violation of

21 U.S.C. §§ 841(a)(1) and (b)(1)(A), one count of possession of cocaine with

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of conspiracy to possess 500 grams or more of a mixture or substance containing methamphetamine and cocaine with intent to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), and 841(b)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

Foster asserts that the district court erred by admitting, during trial, evidence of Foster's prior drug conviction along with evidence relating to two drug transactions involving Foster and a confidential informant. "We review a district court's admission of evidence under Federal Rule of Evidence 404(b) for an abuse of discretion." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002). Rule 404(b) evidence may be admitted if (1) the evidence tends to prove a material point, (2) the prior act is not too remote in time, (3) the evidence is sufficient to support a finding that the defendant committed the other act, and (4) when the defendant's knowledge and intent are at issue, the act is similar to the offense charged. *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005).

Here, the district court did not abuse its discretion in determining that Foster's prior conviction satisfied this four-part test. First, his prior conviction for drug distribution helped prove a material point—namely knowledge and intent to

possess with intent to distribute the controlled substances found during the execution of the search warrant. Having found Foster in the house with the drugs, his only plausible defense would be that he did not know the drugs were there. His prior conviction for drug distribution tends to show that he did not happen to be at the wrong place at the wrong time. Rather, it tends to show that Foster knew what he was doing, had a modus operandi, and was not doing it by mistake.

Second, Foster's prior conviction is not too remote in time. We have previously found that eight-year-old and thirteen-year-old convictions were not too remote for admission under Rule 404(b). *See United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996); *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989). Foster's previous conviction was from 2007 and his trial took place in 2015. Accordingly, it was not too remote in time.

Third, Foster's prior conviction, on its face, is sufficient to prove that he actually distributed drugs in the past. As to the fourth factor, Foster's prior conviction was for essentially the same offense—distributing drugs.

Foster's challenge to the admissibility of the drug transactions with the confidential informant fails for the same reasons as his argument regarding his prior conviction. Moreover, the previous drug transactions were directly relevant to

the conspiracy charge on which Foster was convicted. As a result, they are not Rule 404(b) evidence and are admissible for a second and independent reason.

Accordingly, the district court did not abuse its discretion by admitting this evidence.

## II.

Foster's next argument is that the testimony of Amanda Pontius, the government's drug chemical expert, lacked foundation, and thus the district court erred by allowing her testimony into evidence. Specifically, Foster asserts that Pontius offered no testimony regarding the functionality or calibration of the instruments she used. We review for an abuse of discretion a district court's admission of evidence. *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (en banc).

Foster's assertion is simply wrong. Foster contends that Pontius said nothing as to whether the instruments were functioning properly when she used them. Not so. Pontius did testify about how she knew the equipment was functioning properly and described the performance check procedure at her laboratory. Accordingly, the district court did not abuse its discretion by admitting Pontius's testimony.

## III.

Foster's third argument is that the district court committed judicial misconduct based on its colloquy with Agent Grant Knorr. Foster did not make any judicial misconduct objection during or after this colloquy. Accordingly, the district court's actions are reviewed for plain error. *See United States v. Bosch*, 951 F.2d 1546, 1548 (9th Cir. 1991).

In brief, Agent Knorr made a mistake in filling out the report on Foster's written form giving his consent to a search of his cell phone. Agent Knorr wrote that the consent was given on January 21, when, in fact, it was given on February 21. The government did not even have the cell phone until February 14, so the mistake was obvious. When Agent Knorr testified, he seemed not to understand his mistake. Accordingly, the district court questioned Agent Knorr to determine exactly what the issue was. After several questions from the district court, it became clear what the mistake had been.

"It is entirely proper for [the district court] to participate in the examination of witnesses for the purpose of clarifying the evidence, confining counsel to evidentiary rulings, controlling the orderly presentation of the evidence, and preventing undue repetition of testimony." *United States v. Mostella*, 802 F.2d 358, 361 (9th Cir. 1986). That is what happened here. Accordingly, the district court's participation in the examination of Agent Knorr did not constitute plain error.

**AFFIRMED.**