**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| N. G., a minor by and through their Guardian Ad Litem Lilliana Magallon; et al., | No. 16-56318 |
| Plaintiffs-Appellants, | D.C. No. 2:13-cv-08312-SVW-FFM |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted July 13, 2018
Pasadena, California

Before: IKUTA and N.R. SMITH, Circuit Judges, and McNAMEE,[**] District Judge.

N.G., a minor by and through his guardian ad litem Lilliana Magallon, appeals from the district court's judgment, entered following a jury verdict, in a 42 U.S.C. § 1983 action alleging that Los Angeles Sheriff's Deputies used excessive

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Stephen M. McNamee, Senior United States District Judge for the District of Arizona, sitting by designation.

force when they shot and killed Jilberton Gutierrez while he was handcuffed to a hospital gurney. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court did not err in denying Plaintiffs' Rule 50(a) motion because the jury's verdict was not unreasonable. A court may set aside a jury verdict only when "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006); *see also* Fed. R. Civ. P. 50(b)(3). Here, the Deputies presented substantial and reliable evidence supporting their theory that Gutierrez lunged at Deputy Swanson's gun, and, fearing that Gutierrez would seize the gun and hurt someone, Deputy Chevez shot Gutierrez consistent with his training. The jury could reasonably find that the Deputies rebutted the animating assumption of Plaintiffs' theory - that the images from Deputy Chevez's deposition were a perfect reenactment of what happened. Read in the light most favorable to the Deputies, the jury's verdict was not unreasonable. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Accordingly, the district court did not err in denying Plaintiffs' Rule 50(a) motion.

Similarly, the district did not abuse its discretion in denying Plaintiffs' motion for a new trial because, even when weighing the evidence, there was a reasonable basis for the jury's verdict. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (explaining that, upon a motion for a new trial, "the district

2                                                                                    16-56318

court has the duty . . . to weigh the evidence, as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence" (quotation and citation omitted) (alterations in original)). As stated above, the jury could reasonably find that the Deputies rebutted Plaintiffs' theory that Deputy Chevez's deposition testimony contradicted the Deputies' version of events. Because Plaintiffs did not assert any other compelling challenges to the Deputies' version of events, the "verdict [was not] contrary to the clear weight of the evidence." *Id.*

2.     The district court did not prejudice Plaintiffs by questioning, and commenting on the testimony of, the medical examiner. District courts have wide discretion to question witnesses during trial. *Swinton v. Potomac Corp.*, 270 F.3d 794, 808 (9th Cir. 2001). "It is entirely proper for [judges] to participate in the examination of witnesses for the purpose of clarifying the evidence, confining counsel to evidentiary rulings, controlling the orderly presentation of the evidence, and preventing undue repetition of testimony." *Id.* (quoting *United States v. Mostella*, 802 F.2d 358, 361 (9th Cir. 1986)). "The court 'oversteps the bounds of propriety and deprives the parties of a fair trial,' thus requiring a new trial, 'only if the record discloses actual bias on the part of the trial judge or leaves the reviewing court with an abiding impression that the judge's remarks and questioning of

witnesses projected to the jury an appearance of advocacy or partiality." *Id.* (quoting *Mostella*, 802 F.2d at 361 (internal quotations, citation and alterations omitted)). Also, the court must convey to the jury that, despite its comments, the jury alone is responsible for determining facts. *See Navellier v. Sletten*, 262 F.3d 923, 942-43 (9th Cir. 2001).

Here, the district court sought to clarify and simplify testimony from the medical examiner who, despite his knowledge, was difficult to understand due to an apparent language barrier. The questions themselves did not suggest preference or bias toward any side, and the district court explicitly instructed the jury that they alone must determine the facts.[1] Therefore, we conclude that the district court did not prejudice Plaintiffs in questioning, and commenting on the testimony of, the medical examiner.

3.      Any error in excluding the second portion of the medical examiner's deposition testimony did not prejudice Plaintiffs. To reverse based on an incorrect evidentiary ruling, this court must conclude that the district court's error was prejudicial. *Wagner v. Cty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013). It is unlikely that the excluded portion of the testimony would have helped Plaintiffs.

---

[1] Also, when the court questioned the medical examiner, the court noted that it understood what the medical examiner was saying, but the court was "not the jury." This comment signaled to the jury that, regardless what the court thought, only the jury's understanding of the testimony mattered.

Plaintiffs introduced a similar portion of the medical examiner's deposition testimony that, although less definitive, said the same thing. Also, other testimony, including testimony from Plaintiffs' own experts, echoed the medical examiner's trial testimony. Accordingly, we conclude that any error in excluding the second portion of the testimony was not prejudicial error.

4. The district court did not err in admitting the post mortem toxicology report of Gutierrez because the facts leading up to the shooting were disputed, and the report corroborated the Deputies' version of events. Generally, to assess an officer's reasonableness, courts look only to the facts known to the officer when the alleged misconduct occurred. *Graham v. Connor*, 490 U.S. 386, 396 (1989). However, when the parties dispute what occurred before the use of force, then "evidence that may support one version of events over another is relevant and admissible." *Boyd v. City & Cty. of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009). Because the parties disputed what happened before Deputy Chevez shot Gutierrez, the evidence of Gutierrez's intoxication became relevant to corroborate the officer's version of events. Accordingly, the district court did not err in admitting the evidence.

5. Even assuming the district court erred in admitting the testimony of Dr. Spiehler, any error was harmless because numerous other pieces of evidence, such as Paul Delhauer's blood splatter evidence, corroborated the Deputies' report of

Gutierrez's behavior. *See Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 464-65 (9th Cir. 2014).

6. The district court did not abuse its discretion in refusing to allow Plaintiffs to designate an expert to rebut Dr. Schneider's testimony. The district court concluded that Plaintiffs could adequately challenge Dr. Spiehler's views through cross-examination and that an additional expert was not necessary to present the jury with a balanced view of the facts; such a conclusion was not an abuse of the district court's "broad discretion to admit or exclude expert testimony." *United States v. Verduzco*, 373 F.3d 1022, 1035 (9th Cir. 2004) (quoting *United States v. Aguon*, 851 F.2d 1158, 1171 (9th Cir. 1988), *overruled on other grounds by Evans v. United States*, 504 U.S. 255 (1992)).

7. The district court did not err in admitting the video prepared by the Deputies' expert witness on biomechanics, Michelle Hoffman, or Hoffman's accompanying testimony. Hoffman disclosed the video in her expert report, and, consistent with the district court's order, limited her testimony to stating that it was biomechanically possible for her to leap from the bed. She did not testify as to Gutierrez's position at the time of the shooting.

8. Assuming that the introduction of the Delhauer drawing violated the district court's motion in limine, the Plaintiffs did not suffer prejudice because the image appeared on the screen only for a few seconds, and the image — a black and white

sketch — was unlikely to influence the jury. Further, the district court instructed the jury to disregard the drawing, and we presume the jury obeyed the instruction, *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1270 (9th Cir. 2000).

**AFFIRMED.**