**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Neil Rusty BOND, Defendant–
Appellant.**

No. 06–10205.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2007.

Filed March 21, 2007.

Joscelyn N. Funnie, U.S. Attorney's Office, Phoenix, AZ, for Plaintiff–Appellee.

Anders V. Rosenquist, Jr., Esq., Rosenquist & Associates, Phoenix, AZ, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Defendant–Appellant Neil Rusty Bond appeals his conviction for theft of government property in violation of 18 U.S.C. § 641, and social security fraud in violation of 42 U.S.C. § 408(a)(4). We affirm.

■ Bond argues that the district court abused its discretion by denying his motion for funds to hire a certified public accountant to assist him at trial. *See* 18 U.S.C. § 3006A(e)(1). We disagree. A CPA could only have compiled expense information that Bond provided. Bond was presumably aware of his own expenses, but failed to bring forth any financial records—both at the district court level and on appeal—tending to show that he had offsetting expenses, and failed to otherwise offer a "concrete explanation" as to how a net income defense would have been

viable. *See United States v. Smith*, 893 F.2d 1573, 1580 (9th Cir.1990). In short, Bond failed to meet his burden of showing prejudice, as he did not establish that a CPA would have been able to bring forth evidence reasonably likely to affect the outcome of his trial. *See United States v. Depew*, 210 F.3d 1061, 1065 (9th Cir.2000) (burden on defendant to show prejudice by clear and convincing evidence). Because Bond did not show that his net income defense was "supported in substantial measure by the evidence available," the district court did not err in denying his motion. *Compare United States v. Rodriguez–Lara*, 421 F.3d 932, 946 (9th Cir. 2005).

■ Bond argues that the district court violated his rights to testify on his own behalf and to present a defense by: (1) interrupting his testimony, (2) limiting the scope and duration of his testimony, and (3) striking parts of his testimony in the absence of a government objection. There was no constitutional violation. It is clear from the record that the district court interrupted Bond's testimony only to control the orderly presentation of evidence, to prevent undue repetition, and to minimize the injection of extraneous information. *United States v. Mostella*, 802 F.2d 358, 361 (9th Cir.1986). The restrictions the district court placed on Bond's testimony were not "arbitrary or disproportionate"; rather, they were of a limited nature, and were imposed only after Bond had testified for several hours and after both he and his trial counsel had been adequately warned. *See Williams v. Borg*, 139 F.3d 737, 740 (9th Cir.1998) (quoting *Rock v. Arkansas*, 483 U.S. 44, 55–56, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)). As for

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Bond's argument that the district court's actions may have influenced the jury, we note that the jury was instructed by the district court, both at the outset and at the conclusion of the trial, not to be influenced by the judge's actions or comments.

■ Bond argues that trial counsel rendered ineffective assistance. Ineffective assistance of counsel claims are more appropriately raised on collateral review, but may be raised at this stage if: (1) "the record . . . is sufficiently developed to permit review and determination of the issue"; or (2) "the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Robinson*, 967 F.2d 287, 290 (9th Cir.1992) (internal citations omitted). Bond cannot show that the record is "sufficiently developed" in his case because the district court did not hold a post-trial hearing on his claim. *Compare United States v. Leasure*, 319 F.3d 1092, 1099 (9th Cir.2003). Bond also cannot show that the representation he received "obviously denie[d]" him his right to counsel, because, for example, the record reflects that counsel's delay in submitting the witness and exhibit lists was, at least in part, due to counsel's desire to accommodate Bond. We note, however, that our holding here does not foreclose Bond from seeking relief on an ineffective assistance of counsel claim on habeas review.

■ Lastly, Bond argues that there was insufficient evidence to sustain his conviction because the government failed to prove Bond received benefits to which he was not entitled. We disagree. A rational trier of fact could have found the essential elements of the charged crimes beyond a reasonable doubt. *See United States v.*

*Vasquez–Chan,* 978 F.2d 546, 549 (9th Cir. 1992) (citing *Jackson v. Virginia,* 443 U.S. 307, 320, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Contrary to Bond's claim, the government did present direct evidence of Bond's net income and business expenses. It also presented circumstantial evidence tending to show that Bond was not entitled to receive social security benefits, and that he knowingly disregarded the Social Security Administration's reporting requirements. Viewing the record in the light most favorable to the government, as we must, we conclude that Bond's sufficiency of evidence claim must fail.

**AFFIRMED.**