**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JORDAN EVERETT STEVENS,

    Defendant - Appellant.

No. 23-300

D.C. No.
1:19-cr-02038-SAB-1

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted July 9, 2024
Seattle, Washington

Before: HAWKINS, CLIFTON, and BRESS, Circuit Judges.

Defendant Jordan Stevens ("Stevens") brings this direct appeal following his conviction by a jury for first-degree murder and discharging a firearm during and in relation to a crime of violence. He alleges various errors occurred at trial that individually or cumulatively require a new trial. We affirm his conviction.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

# I.

Two of Stevens' claims involve an improper comment Agent Barefoot made about Stevens' guilt when explaining why he had focused his investigation on Stevens versus witness McCormack. *See United States v. Lockett*, 919 F.2d 585, 590 (9th Cir. 1990) ("A witness is not permitted to give a direct opinion about the defendant's guilt or innocence."). Examining counsel did not immediately object; however, defense counsel submitted a motion overnight and the district court agreed that striking the agent's testimony and issuing a limiting instruction was proper. This was done immediately the following morning before any more testimony was introduced, making it clear the jury was to disregard the agent's statement and that only the jury could decide whether Stevens had killed the victim. This instruction was clear, direct, and effective, and juries are presumed to follow instructions. *See United States v. Morris*, 827 F.2d 1348, 1351 (9th Cir. 1987); *United States v. Reyes*, 660 F.3d 454, 468 (9th Cir. 2011).

Nor was trial counsel ineffective for failing to immediately object to the improper opinion testimony and or by withdrawing the motion for mistrial. Although it is unusual to address a claim of ineffective assistance of counsel on direct appeal, we may do so if the record is sufficiently developed, as it is here. *United States v. Rahman*, 642 F.3d 1257, 1259–60 (9th Cir. 2011). Stevens submitted a motion for new trial, arguing his trial counsel had been ineffective

because she had inadvertently taken the wrong medication and was experiencing a panic attack while cross-examining Agent Barefoot; this prevented her from immediately objecting to his improper testimony. To succeed on a claim of ineffective assistance of counsel, Stevens had to show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We agree with the district court's conclusion that counsel's cross-examination was "skillful and not professionally unreasonable" and that, in any event, there was no prejudice because the defense received the remedy it requested when the court struck the testimony and issued the curative instruction. The minimal delay in issuing the instruction did not prejudice Stevens. There was also no prejudice in withdrawing the mistrial motion, as the district court expressly indicated it would not have granted the motion for mistrial in any event.

## II.

Stevens also contends the district court violated his Sixth Amendment right to confront witnesses by improperly curtailing his cross-examination of two witnesses. Where, as here, the defendant challenges "a limitation on the scope of questioning within a given area," we review for an abuse of discretion. *United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir. 2007).

With respect to eyewitness Tainewasher, the court allowed defense to inquire whether Tainewasher blamed the victim for her brother's death and also whether she expected any consideration in a pending federal case in exchange for her testimony. It was not an abuse of discretion to limit additional questions regarding the circumstances of Tainewasher's brother's death because it would likely confuse the jury and was not relevant to whether Tainewasher had any personal bias in testifying against Stevens. *See United States v. Lehman*, 756 F.2d 725, 728 (9th Cir. 1985). It was also not an abuse of discretion to limit additional questioning about Tainewasher receiving consideration in return for testifying, as she had already been asked and answered no, and there was no pending agreement with the government at that time. *See United States v. Scott*, 642 F.3d 791, 796–97 (9th Cir. 2011).

With respect to Agent Barefoot, the court allowed extensive questioning about the relationship between Barefoot and witness McCormack, including how many phone calls she made from the jail to him, often not about the case. The court limited only the introduction of a specific letter to Barefoot from McCormack because it contained personal information about her and her children. The court did, however, allow examination about relevant details of the letter, such as the use of first names and nicknames that indicated an "unusual and very close" relationship between the two. This was sufficient for the defense to adequately explore the issue of Agent Barefoot's bias. *See Larson*, 495 F.3d at 1103–04.

## III.

The district court made a single observation while making a ruling *in favor of the defense* and overruling the government's relevance objection, noting defense had "been doing that [line of questioning] for a day and a half now." A new trial is required only if the record "leaves the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality." *United States v. Mostella*, 802 F.2d 358, 361 (9th Cir. 1986). The court allowed questioning on this matter to continue and did not create any impression of partiality to the United States.

## IV.

The district court did not plainly err by allowing testimony regarding Stevens' character. As discussed above, Agent Barefoot was asked to explain why he focused on Stevens as the shooter versus McCormack, and, after the stricken testimony, Agent Barefoot clarified he was familiar with Stevens prior to the case and knew him to be "dangerous." However, the statement was not introduced for the improper purpose of showing that Stevens acted in conformity with that character, *see* Fed. R. Evid. 404(a), but only to explain why Agent Barefoot focused on Stevens versus another suspect and to rebut the defense's suggestion that Barefoot had been motivated by bias in favor of McCormack. Furthermore, even if it were error to allow this testimony, any error was not clear or obvious and was also unlikely to

affect Stevens' substantial rights in light of the significant other evidence of guilt presented by two witnesses who were present at the shooting. *United States v. Hayat*, 710 F.3d 875, 895 (9th Cir. 2013).[1]

For the foregoing reasons, Stevens' conviction is **AFFIRMED.**

---

[1] We also reject Stevens' claim that cumulative error requires a new trial. The only error was Officer Barefoot's improper testimony about Stevens' guilt, which was corrected by striking the testimony and issuing a curative instruction. A new trial is not required.